## YORDY v. MARSHALL COUNTY.

**Bridges:** BREAKING UNDER STEAM THRESHER: LIABILITY OF COUNTY: QUESTION FOR JURY. Plaintiff was driving his steam-threshing outfit over one of defendant's bridges, when the bridge broke down, and his property was damaged by the accident. In an action therefor against the county, *held* that it was error for the court to hold as matter of law that the county was not required to maintain bridges of sufficient strength to carry machinery of such weight, and on that ground to direct a verdict for defendant, but that the question whether such use of the bridge was so unusual and extraordinary that the county was not required to anticipate and provide for it should have been submitted to the jury.

*Appeal from Marshall District Court.*—HON. D. D. MIRACLE, Judge.

FILED, JUNE 2, 1890.

ACTION to recover two hundred and fifty dollars' damages to plaintiff's team and threshing outfit, by the falling of one of defendant's bridges while said team and outfit were being moved across the same. Defendant answered, denying generally, and alleging that the bridge was broken by plaintiff's carelessness in driving thereon with his apparatus of great weight, coupled together, and that plaintiff had been warned before crossing that the weight was too great for the bridge. The case was tried to a jury, and, pending the examination by plaintiff's counsel, the court stopped the examination, and directed the jury to return a verdict for the defendant, to which plaintiff excepted. Judgment was entered on the verdict, and plaintiff appeals.

*Volney Kent*, for appellant.

*W. W. Miller*, for appellee.

GIVEN, J.—I.  Plaintiff introduced testimony tend-
ing to show the age, construction and condition of the
bridge; that it had stood two or three years longer than
the ordinary life of its timbers; and that defendant's
board of supervisors were notified before the accident
that it was in a decayed and dangerous condition.  He
also introduced testimony showing that, before attempt-
ing to cross, he examined the bridge, and discovered no
defects; that he attempted to cross his threshing outfit,
consisting of a team, steam-engine, weighing eighty-
two hundred and fifty pounds, separator and trap wagon;
that the team was hitched to the engine, and the separa-
tor and wagon attached in the rear; that he laid one
three-by-twelve-inch plank, sixteen feet long, on each
side, for the wheels of the engine, and moved the appa-
ratus onto the bridge by steam and horse power, at a
slow speed; that just as the horses were stepping off the
bridge with their hind feet it went down, the engine
dragging the horses after it, and that the horses and
machine were injured.  There was also some testimony
tending to show that similar machines, some of greater
weight, were used and moved about the country.  After
this testimony was introduced, and before plaintiff had
rested, and while his counsel was examining one Butler
on behalf of plaintiff, the court stopped the examination,
saying:  "I don't see any use in taking any further
time with this case.  It seems to me that, from plain-
tiff's own testimony, there could not be a recovery;"
and directed the jury to return a verdict for the defend-
ant; to which ruling and instruction the plaintiff
excepted.  The plaintiff then offered to show the ordi-
nary life of the timbers of which the bridge was con-
structed; that such timbers, if sound, were capable of
bearing thirty to forty tons safely; that the bridge had
been constructed two or three years longer than the

ordinary life of its timbers; that it had not been repaired since built; and that some months before the accident a member of the board had left word with a neighbor to tell Butler to barricade the bridge. The court refused the offer, and directed the jury to return a verdict for the defendant.

II. It is contended that there is no error in the action of the court, because, in constructing and maintaining its bridges, the county is not bound to anticipate that they will be used in the manner in which the testimony showed beyond question the plaintiff was using this one ; that it was the duty of the court to say, as a matter of law, that no recovery could be had for injuries resulting from such use, and to direct a verdict whenever that fact appeared beyond question. In constructing and maintaining its bridges, the county's board is not required to assume that they will be used in an unusual and extraordinary manner, either by crossing at great speed, or by passage of a large weight. It is not required to so build or maintain its bridges as to protect against injury resulting from unusual and extraordinary use. Its liability stops with constructing and maintaining its bridges so as to protect against injury by a reasonable, proper and probable use thereof, in view of the circumstances, such as the extent, kind and nature of the travel and business on the road of which it forms a part. *McCormick v. Washington Twp.*, 112 Pa. St. 196; 4 Atl. Rep. 164. Should the court have said, as a matter of law, that the use which plaintiff was making of the bridge was unusual and extraordinary, and such as the defendant's board was not bound to anticipate? Such machines are in common use, and of necessity are frequently moved along the highways, and across the bridges, of the county. True, their passage is not so frequent as vehicles in more common use, but the same is true of four and six-horse teams ; and yet a court would not declare, as a matter of law, that the passage of such was not to be anticipated. We do not follow the discussion as to

weight of the testimony, but simply hold that it should have been left to the jury to determine whether the county was guilty of negligence in not maintaining the bridge in a safe condition for the passage of such machinery as that of plaintiff, and whether the plaintiff was guilty of negligence in attempting to move his threshing apparatus across the bridge when and as he did, together with the other questions in the case. It follows from this conclusion that the judgment of the district court must be reversed. The fact that plaintiff examined the bridge before attempting to cross did not necessarily relieve defendant from liability.

REVERSED.