WELCH, Appellant, vs. THE TOWN OF GENEVA and another,. Respondents.

*April 12 — April. 30, 1901.*

*Highways: Bridges: Injuries from defects: Traction engines: Violation of statute: Contributory negligence.*

1. Ch. 367, Laws of 1891, provides that the person in charge of a traction engine propelled on any highway shall be liable for all damages caused to any bridge therein, if the engine weighs over five tons, or if he attempts to cross without spanning the bridge with planks. Plaintiff, with an engine weighing over five tons, attempted to cross a bridge without first spanning it. *Held*, that he could not recover for injuries caused by the breaking down of the bridge.

2. In such case there being a direct causal connection between the excessive weight of the engine and the accident, and the act done contributing to the result which followed, the person doing it takes. the risk of injury, and is without remedy if it occurs. *Sutton v. Wauwatosa*, 29 Wis. 21, distinguished.

APPEAL from a judgment of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

The plaintiff was running a traction engine weighing nearly 12,000 pounds along defendants' highway. He came to a wooden truss bridge which spanned a creek or river. He got out, and examined the bridge, and concluded it was safe. He thereupon attempted to cross the bridge without spanning it with planks, as required by ch. 367, Laws of 1891. The bridge broke down, and plaintiff was injured. He brings this action to recover damages for such injuries, claiming that some of the bridge timbers were defective to such an extent as to render the highway defective and dangerous. The court directed a verdict for defendants. Plaintiff appeals.

For the appellant there was a brief by *Ingalls & Ingalls,.* and oral argument by *Wallace Ingalls.*

Welch vs. The Town of Geneva and another.

For the respondents there was a brief by *D. B. Barnes*, attorney, and *John B. Simmons*, of counsel, and oral argument by *Mr. Simmons*.

BARDEEN, J.  The sole question to be determined is, What effect has ch. 367, Laws of 1891, upon the right of plaintiff to recover for injuries sustained by reason of the insufficiency and want of repair of defendants' bridge, under sec. 1339, Stats. 1898?  The duty of towns to keep their roads and bridges in a reasonably safe condition for public use has been discussed so many times by this court that citation of authorities is needless.  The law of 1891, above referred to, provides that any person owning or propelling a steam engine upon any highway in this state shall be liable for all damages caused to any bridge or culvert therein in certain cases, among which are as follows:

"When such engine, with its equipments, or attachments, or whatever it may be propelling upon the highway, shall weigh more than five tons, exclusive of team, if so propelled."

"When the person or persons in charge of such engine shall fail to span any bridge or culvert, before crossing the same, with planks at least two inches thick, twelve inches wide, and sixteen feet in length, over which the wheels shall pass in crossing such bridge or culvert."

It is admitted that the engine which plaintiff was running weighed in excess of five tons, and that he did not span the bridge with planks as required.  It is not claimed by plaintiff that he is not liable for the damages sustained by the defendants for the breaking of the bridge.  Admitting this liability, he still insists that under the principle announced in *Sutton v. Wauwatosa*, 29 Wis. 21, he should be permitted to recover.  In attempting to apply that case to the situation here presented, the plaintiff fails to appreciate the exact point involved.  The bridge was old and rotten.  Plaintiff drove his cattle across it to market on Sunday.  He was

violating the provisions of the state law in so doing. It was held that it was no answer for the town to urge this fact, as there was no connection between the violation of the Sabbath law and the defective bridge. As said in the opinion:

"The fact that the traveler may be violating this law of the state had no natural or necessary tendency to cause the injury which may happen to him from the defect. All other conditions and circumstances remaining the same, the same accident or injury would have happened on any other day as well. The same natural causes would have produced the same result on any other day, and the time of the accident or injury, as that it was on Sunday, is wholly immaterial, so far as the cause of it or the question of contributory negligence is concerned."

Herein lies the distinction between the cases. Here there is a direct causal connection between the excessive and unlawful weight of the engine and the accident which occurred. It is impossible, without entering the field of speculation, to say whether the accident would have happened had the engine been of less weight, or whether it would have happened at all had the bridge been spanned by planks as the law requires. If plaintiff used an engine of excessive weight, or failed to properly span the bridge with planks, and injury resulted to the bridge, he was directly liable for such injury. The principle involved is akin to that of contributory negligence. When the act done directly contributes to the result which follows, the court will not enter into speculation to determine the relative blame of the parties. There was no want of repair on the bridge. The towns were not bound to anticipate that the bridge would be used in an unusual or extraordinary way. *Wilson v. Granby*, 47 Conn. 59; *Clapp v. Ellington*, 51 Hun, 58; *Clulow v. McClelland*, 151 Pa. St. 583; *McCormick v. Washington*, 112 Pa. St. 185. They need not anticipate that an engine heavier than the limit fixed by statute would be driven over their highways. Whenever that is done, the person so doing takes the risk

of injury, and is without remedy if it occurs, when the excessive weight contributes to produce the same. It appearing conclusively that the using of this heavy engine contributed directly to produce the accident complained of, we see no ground upon which the plaintiff can base a right of recovery. It is further urged by defendants' counsel that plaintiff inspected the bridge before crossing, and concluded that it was safe, and hence the towns were not negligent for failure to know of the defect which an examination so made failed to disclose. This is the conclusion stated in *Clulow v. McClelland, supra,* but inasmuch as the evidence fails to show that such examination was anything more than cursory, we prefer to base this decision upon the point first mentioned.

*By the Court.—* The judgment is affirmed.