SAMUEL TACKETT, Appellant, v. TAYLOR COUNTY.

**Defective Bridges:** MOVING   TRACTION   ENGINES:   NEGLIGENCE:
PROXIMATE CAUSE. One conducting a threshing machine engine
over a highway bridge may recover from the county for injur- :
ies sustained owing to defects therein, although himself violat-
ing the statute requiring plank to be placed under the engine,
where such violation does not contribute directly to the injury.

*Appeal from Adams District Court.*—HON. H. M. TOWNER,
Judge.

WEDNESDAY, FEBRUARY 17, 1904.

WHEN the traction engine owned by John Rowe was
about one-third over the Hoover bridge, constructed by Tay-
lor county thirteen or fourteen years before the trial, the
supporting rod drew through the east end of one of the
beams on which the joist and plank covering rested.  The   .
bridge gave way, precipitating the engine in the creek about
twelve feet below.  The plaintiff was injured, and in this ac-
tion sought to recover. damages.  A verdict was returned for
defendant, and judgment entered thereon.  The plaintiff ap-
peals.—*Reversed.*

*Flick & Jackson* and *W. O. Mitchell* for appellant.

*W. E. Miller* for appellee.

LADD, J.—In ruling upon a demurrer to one division of
defendant's answer, and also in instructing the jury, the
court held that if plaintiff was assisting in moving the trac-
tion engine over the defendant's bridge, and so doing with-
out the use of plank such as are exacted by the statute, he
could not recover.  Appellant excepted to this construction
of the law on two grounds:   (1) For that plaintiff was not

in charge of the engine; and (2) because the injury was not the proximate result of the omission to make use of plank such as required by law. The statute upon the subject reads: "Whenever any engine driven in whole or in part by steam power is being propelled upon a public road, or is upon the same, the whistle thereof shall not be blown, and those having it in charge shall stop one hundred yards distant from any person or persons with horses or other stock in or upon the same, and at a greater distance away if they exhibit fear on account thereof, until they shall have passed it, and a competent person shall be kept one hundred yards in advance of such engine, to assist in any emergency arising from frightened animals, and to prevent accidents. In crossing any bridge or culvert in the public road, or plank street-crossing in any city or town, four strong planks, not less than twelve feet long, each one foot wide and two inches thick, shall be used by placing and keeping continuously two of them under the wheels. A failure to comply with either of the provisions of this section shall be a misdemeanor, and in addition all damages sustained may be recovered in a civil action against the violator, and in no case shall the county be liable for damages to the engine or separator." Section 1571, Code.

It is to be noted that the use of highways, including bridges, culverts, and street crossings, by engines is not prohibited. The right to travel by such a vehicle, recognized in *Yordy v. Marshall County,* 80 Iowa, 405, is continued unimpaired, save as affected by the regulations prescribed. But these relate solely to the operation or management of the engine when on the road: (1) The whistle is not to be blown; (2) those in charge are to stop one hundred yards from persons with horses or other stock, or farther if the animals appear to be frightened; (3) a competent person is to be kept one hundred yards ahead to assist in emergency and to prevent accidents; and (4) planks of certain dimensions are to be placed and kept continuously under the wheels when crossing a bridge, culvert, or street crossing. The duty of stop-

ping is imposed only on those "in charge," and, of course, no one else would be in a situation to control the motion of the engine. Otherwise, the duties enjoined are not limited to any particular person. Any one participating in their violation is amenable to the penalty denounced. It is "any failure to comply" with the provisions of the statute which is declared a misdemeanor. If the planks were of smaller dimensions than described, as the evidence tended to show, and plaintiff aided in keeping such continuously beneath the wheels of the engine as it moved over the bridge, he was certainly assisting in violating this statute, and, if this contributed directly to his injury, he cannot recover. But the jury was not bound to so find. The end of the swinging beam of the bridge was rotten at the core. Owing to this, the supporting rod which passed through this end with a nut below, pulled through and let the bridge down. The circumstances were such that it might have been concluded that the sole producing cause of this was the great weight of the engine. Were the statute to be construed to prohibit the travel by engines on the highway or any portion of it, there would be much force in the contention of appellee that the plaintiff was a trespasser at the time of the accident, and, being at a place where he had no right to be, he ought not to be heard to complain of the consequences. *Van Horn v. Ry.*, 63 Iowa, 67.

But the section of the Code quoted does not purport to deny the use of the road to any one. As said in *State v. Kowolski*, 96 Iowa, 352, "The law fixes the conditions on which these engines may be propelled on the highways: Even though another way may be, in practice, just as good, still it is not a conformity with law, and will not invoke its protection." The statute regulates but does not prohibit the use of the highway for the transportation of engines, and undoubtedly the object had by the Legislature in its enactment was, as contended by appellee, the protection of life and property. So it may be said of the law requiring teams to take the right side in passing, or of ordinances prohibiting

fast driving, directing that vehicles shall stand lengthwise on the streets and the like. The context confirms the correctness of this interpretation, for the duty of planking the way is defined in connection with others which relate solely to precautions essential to avoiding accidents in moving along the road. The language employed recognizes the right of the engine to the highway, and merely prescribes safeguards for its management. However remiss those in charge may be, they cannot be regarded as trespassers, and, if their delinquencies have no casual connection with the injury complained of, there is no just ground for denying recovery. There are decisions to the effect that one who is himself violating law may not recover for injury suffered from the unlawful conduct of another, even though the two omissions have no apparent connection with each other. Such are the so-called "Sunday Law Cases." *Smith v. Boston, etc., Ry.,* 120 Mass. 490; *Connolly v. Boston,* 117 Mass. 64 (19 Am. Rep. 396); *Hinckley v. Penobscot,* 42 Me. 89; *Johnson v. Irasburg,* 47 Vt. 28 (19 Am. Rep. 111); See Thompson Commentaries Negligence, section 902. But this court is committed to the dictrine that there must be some casual connection between the act of plaintiff and injury resulting from the negligence of defendant, to preclude recovery. *Schmid v. Humphery,* 48 Iowa, 652; *Gross v. Miller,* 93 Iowa, 72; *Kingsley v. Mulhall,* 95 Iowa, 754. See *Sutton v. Wauwatosa,* 29 Wis. 21 (9 Am. Rep. 534); *Baldwin v. Barney,* 12 R. I. 392 (34 Am. Rep. 670); *Platz v. Cohoes,* 89 N. Y. 219 (42 Am. Rep. 286).

The mere concurrence of the illegal act of the plaintiff with the accident in point of time ought not to be treated as the concurrent cause of the accident, as seems to have been done in the cases first cited, but rather as a condition or incident merely. Thus, where two persons were racing contrary to law, and one of them injured the other, it was held the injured party could recover, because his own illegal act did not contribute to the injury. *Welch v. Wesson,* 6 Gray, 505; *Broschart v. Tuttle,* 59 Conn.

1 (21 Atl. Rep. 925, 11 L. R. A. 33). In *Baker v. Portland,* 58 Me. 199 (4 Am. Rep. 274), the plaintiff was injured by a defect in the highway while driving at a rate of speed prohibited by the village ordinance, and the judgment in favor of the plaintiff was based on the finding of the jury that the fast driving did not contribute to the injury, the court saying: "Undoubtedly there are many cases where the contemporaneous violation of the law by plaintiff is so connected with his claim for damages as to preclude recovery. * * * But the fact that a party plaintiff was at the time of the injury passing another wayfarer on the wrong side of the street, or without giving him half of the road, or that he was traveling on runners without bells, in contravention of the statute, or that he was smoking a cigar in the street, in violation of a municipal ordinance, while it might subject the offender to a penalty, will not excuse the town for a neglect to make its way safe and convenient for travelers, if the commission of the plaintiff's offense did not in any degree contribute to produce the injury of which he complains." See other instances in which recovery has been allowed, notwithstanding the injured party's dereliction of duty. *Bigelow v. Reed,* 51 Me. 325; *Steele v. Burkhardt,* 104 Mass. 59 (6 Am. Rep. 191); *Davies v. Mann,* 10 Mees. & W. 546; *Streett v. Laumier,* 34 Mo., 469. Section 1326, Thompson Commentaries Negligence. It is not enough that had it not been for plaintiff's disobedience of the law he might not have been present, and that the accident would not have happened. Most injuries would have been obviated had there been no one present to be hurt. The disobedience, to defeat recovery, must have contributed directly to the injury. In a similar case, where two boards each an inch thick were used instead of one two-inch plank, as required by statute, the Supreme Court of Wisconsin said: "To make the failure to comply with the requirements of the statute a defense, it must be shown that there was some direct casual connection between such failure and the accident which followed. This was discussed in *Sutton v. Town of*

*Wauwatosa,* 29 Wis. 21 (9 Am. Rep. 534), and emphasized in *Welch v. Town of Geneva,* 110 Wis., 388 (85 N. W. Rep. 970). We do not think the trial court was justified, as a matter of law, in saying that such connection or relation existed in this case. The testimony regarding the defective character of the bridge was quite strong, and, when consid· ered in connection with other circumstances, there was room for a fair inference that there was no casual relation between the failure to properly plank the bridge and the accident which happened." *Walker v. Village of Ontario,* 111 Wis., 113 (86 N. W. Rep. 566). The remark in *Perry v. Clarke County,* 120 Iowa, 96, intimating approval of the court's construction of the statute, was obiter, as the finding there was for the plaintiff, and the only question determined in the first paragraph of the opinion was that there was sufficient evidence to support the conclusion that the wheels were upon the plank at the time of the accident. Other questions argued will not be likely to arise upon another trial.— REVERSED.