Argued October 29, decided November 26, 1912; rehearing denied January 7, 1913.

## JONES v. UNION COUNTY.*

(127 Pac. 781.)

**Bridges—Injuries From Defects or Obstructions—Liability.**

1. Under Section 6375, L. O. L., giving a right of action against the county for injuries sustained by any person while lawfully traveling on a legal county road, and Section 6337, requiring persons driving traction or portable engines over bridges or culverts on public highways to use four stout pieces of plank, two of which shall always be under the wheels of the engine, the

---

*The question of the liability of a county in actions for injuries to travelers on defective bridges or highways is treated in a note in 39 L. R. A. 33, 53.                                                    REPORTER.

driver of an engine failing to comply with this last section cannot recover for injuries caused by a bridge falling, although there is no causal connection between such failure and the injury, since he is not lawfully using the highway.

**Highways—Injuries From Defects or Obstructions—Liability.**

2. A county as a quasi public corporation and subdivision of the State can be sued for injuries resulting from a defective highway only where the statute expressly authorizes such action.

**Statutes—Construction—Statutes Imposing Liability.**

3. Statutes creating a liability where none would otherwise exist should be strictly construed.

**Constitutional Law—Bridges—Injuries From Defects and Obstructions—Statutory Provisions.**

4. Section 6375, L. O. L., giving a right of action against the county to any person injured while "lawfully" traveling on a legal county road, construed to preclude a recovery by the driver of a traction engine attempting to cross a bridge, without complying with Section 6337, does not violate Section 1 of the Fourteenth Amendment of the U. S. Constitution, or Section 20, Article I, of the Constitution of the State of Oregon, prohibiting laws granting privileges or immunities to any citizen or class of citizens which upon the same terms shall not equally belong to all citizens, since a compliance with Section 6337 by all persons pursuing the same business under the same conditions is required.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Mary A. Jones, as administratrix of the estate of her husband, John T. Jones, deceased, against Union County, to recover damages resulting from his death which was caused by the falling of a bridge on a public highway. The negligence alleged as a basis for the recovery is the failure of the defendant to keep the bridge in proper repair in consequence of which it fell.

The answer denies such want of care and avers *inter alia* that the injury was caused by the failure of Jones to place planks beneath the wheels of a traction engine,

the steering gear of which he was managing when he was hurt.

The reply admits that no lumber was used except the decking of the bridge, but denies that the failure to place beneath the wheels of the engine any planks contributed to the injury sustained. The case was tried, and, a judgment having been rendered for the plaintiff, the defendant appeals.                                   REVERSED.

For appellant there was a brief over the names of *Mr. Francis S. Ivanhoe,* District Attorney, and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. Thomas H. Crawford* and *Mr. Robert Eakin.*

For respondent there was a brief and an oral argument by *Mr. James D. Slater.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The evidence tended to show that the bridge in question has been in use about fifteen years; it had been replanked about two years before the accident, and none of the decking was broken by the fall. The engine referred to weighed four tons or more, and, after its front wheels had safely crossed the bridge and reached solid earth, the posts set to form the embankment gave way and that end of the approach to the bridge fell, causing the injury. It was maintained by defendant's counsel that an error was committed in denying their request to instruct the jury to return a verdict in favor of their client, to which action of the court an exception was taken. The statute permitting a recovery in actions of this kind reads as follows:

"Whenever any individual when lawfully traveling upon a highway in this State or bridge upon such highway, the same being a legal county road, shall, without contributory negligence on his part, and without knowledge on his part of the defect or danger, sustain any loss, damage, or injury in consequence of the defective and dangerous character of such highway or bridge, either

to his person or to his property, he shall be entitled to recover of the county in which such loss, damage or injury occurred, compensatory damages not to exceed the sum of $2,000 in any case by an action in the circuit court of such county, or in a justice's court therein, if the amount of the damages sued for shall not exceed the sum of $250." Section 6375, L. O. L.

The law regulating travel contains a clause as follows:

"It shall be unlawful for any person or persons to drive any traction or portable engine over any bridge or culvert or any public street or highway within this State, without using on such bridge or culvert, for the purpose of securing its safety, four stout pieces of plank, each of which shall be at least ten feet in length, one foot in width, and two inches in thickness, two of the said pieces of plank to be always under the wheels of said traction or portable engine while it shall be crossing said bridge or culvert." Section 6337, L. O. L.

The penalty imposed upon a conviction for a violation of such provision is a fine of not less than $10 and not more than $50 for each offense, or imprisonment in the county jail for not less than five or more than ten days in addition to which the person causing damage to such bridge or culvert is liable to the county for all injury which may result from the crossing of a bridge with such an engine. Section 6338, L. O. L.

It is argued by defendant's counsel that the enactment permitting the maintenance of an action against a county to recover damages sustained in consequence of a defective highway is in derogation of the principles of the common law and should be strictly construed, and, as it is conceded that Jones placed no planks on the bridge at the time of the accident, he was unlawfully traveling on the highway, and, such being the case, no action can be maintained by his personal representative to recover any part of the damages sustained by his estate. The plaintiff's counsel denies these assertions and maintains

that the object of the statute requiring the placing on a bridge of planks beneath the wheels of a traction engine is to protect the decking of the span, and as the testimony conclusively shows that such covering was not injured in any manner, but that the accident was caused by the decayed parts of the bridge giving way, there was no casual connection between the failure to place the planks as required by the enactment and the injury which resulted from the defendant's negligence, and hence no error was committed as alleged.

2, 3. It has frequently been held that a county as a *quasi* public corporation and subdivision of the State cannot be sued for an injury resulting from a defective highway unless the statute expressly authorizes the maintenance of an action to recover the damages sustained. *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795: 15 L. R. A. 730) ; *Schroeder* v. *Multnomah County,* 45 Or. 92 (76 Pac. 772) ; *McFerren* v. *Umatilla County,* 27 Or. 311 (40 Pac. 1013). In the last case cited it was ruled that statutes creating a liability, where none would otherwise exist, are to be strictly construed.

In support of the legal principle asserted by plaintiff's counsel, attention is called to the case of *Welch* v. *Geneva,* 110 Wis. 388 (85 N. W. 970), where, in construing a statute providing that the person in charge of a traction engine propelled on any highway shall be liable for all damages caused to any bridge therein, if the engine weighs over five tons, or if he attempts to cross without spanning the bridge with planks, it appeared that the plaintiff, with an engine exceeding the prescribed weight, attempted to cross a bridge without first overlaying it as required, and it was held that he could not recover for injuries caused by the breaking down of the bridge, and since it was evident that there was a direct causal connection between the excessive weight of the engine and the accident, and that plaintiff's act contributed to

the result which followed, it was further determined that he took the risks of injury and was without remedy.

In *Walker* v. *Ontario,* 111 Wis. 113, 117 (86 N. W. 566, 567), in adverting to the conclusion announced in the preceding case, and commenting upon the requirement to span the bridge with planks, Mr. Justice BARDEEN says:

"The plain purpose of the law was to protect the covering of the bridge from injury by the projections or calks on the wheels of the engine."

Further in the opinion it is observed:

"To make the failure to comply with the requirements a defense, it must be shown that there was some direct causal relation between such failure and the accident which followed."

In that case, however, planks were used, but some of them were not of the prescribed widths.

In *Walker* v. *Ontario,* 118 Wis. 564 (95 N. W. 1086), on a second appeal of this cause it was ruled that plaintiff's neglect to use planks of the required width did not show that there was any causal relation between the failure to comply with the requirements of the statute and the breaking of the bridge thereby affirming a judgment given for damages suffered. In distinguishing the rule last announced it was determined, however, in *Stone* v. *Tilden,* 122 Wis. 290 (99 N. W. 1026), that the statute requiring a bridge to be spanned with plank upon which the engine wheels should rest was not solely to protect the bridge, but also to effect a distribution of the weight of the engine; and that, where it appeared that an engine broke through a bridge when such planking and consequent distribution were absent, the court should say, as a matter of law, that the failure to comply with the requirements of the statute contributed to the injury complained of. Whatever conclusion may have been reached by the Supreme Court of Wisconsin upon the

question here involved is not controlling in the case at bar, for a statute of that state declares that the town, which in that commonwealth has supervision of highways, shall be liable "if any damage shall happen to any person, his team, carriage or other property, by reason of the insufficiency or want of repairs of any bridge," in such town. *Ward* v. *Jefferson,* 24 Wis. 342; *Antisdel* v. *Chicago, Etc., Ry. Co.,* 26 Wis. 145 (7 Am. Rep. 44); *Burns, Adm'x,* v. *Elba,* 32 Wis. 605; *Pitzner* v. *Shinnick,* 39 Wis. 129; *Prideaux* v. *Mineral Point,* 43 Wis. 513 (28 Am. Rep. 558); *Peake* v. *Superior,* 106 Wis. 403 (82 N. W. 306); *Fehrman* v. *Pine River,* 118 Wis. 150 (95 N. W. 105).

Plaintiff's counsel also cites the case of *Perry* v. *Clarke County,* 120 Iowa, 96 (94 N. W. 454), where, in an action to recover damages for injuries sustained by the breaking of a highway bridge while crossing it with a threshing engine, a dispute in the evidence as to whether the wheels were running upon plank as required by the statute existed, and it was held that the question was properly submitted to the jury. Another case adduced is that of *Tackett* v. *Taylor County,* 123 Iowa 149 (98 N. W. 730), where it was ruled that a person conducting a threshing machine engine over a highway bridge might recover from the county for injuries sustained owing to defects therein, although he was at that time violating the statute requiring plank to be placed under the engine, where such transgression does not contribute directly to the injury. The decisions in these cases are not in point, for a statute of Iowa, prescribing the duties and responsibilities of the road supervisor with respect to bridges, contains a clause as follows:

"But nothing herein contained shall be construed to relieve the county from liability for the defects of said bridge." Code Iowa 1897, Section 1557.

A party disobeying a statute or an ordinance, when not otherwise in fault, may recover from a *quasi* public

corporation, when permitted by statute, or from a person, the damages sustained in consequence of the negligence of either of the latter, as appears from cases cited by plaintiff's counsel.  Thus in *Sutton* v. *Wauwatosa*, 29 Wis. 21 (9 Am. Rep. 534), where the plaintiff, who was driving cattle to the market on Sunday, in violation of a statute, sustained loss by the breaking of a defective bridge on the highway which the defendant was bound to keep in repair, it was ruled that such infringement of the law would not prevent a recovery upon due proof of the defendant's negligence in constructing and maintaining the bridge.  It will be remembered, however, that in Wisconsin a statute makes the town liable if any damage results to a person or his property by reason of the insufficiency or want of repairs of any bridge. *Ward* v. *Jefferson*, 24 Wis. 342.

So, too, in *Bourne* v. *Whitman*, 209 Mass 155 (95 N. E. 404: 35 L. R. A. [N. S.] 701), automobiles having collided, one of which was guided by the plaintiff, who, at the time, in violation of a statute, had no license to operate such a vehicle, it was held that a breach of the provisions of the enactment would not preclude him from recovering the damages sustained in consequence of the negligence of the other party.  Whether or not the decision in the case last referred to is a correct exposition of the law applicable thereto is unnecessary to determine, for that case did not involve the construction of a statute authorizing a recovery against a county for an injury resulting from a defective highway.

In construing the provisions of Section 6375, L. O. L., Mr. Justice McBRIDE, in *Bailey* v. *Benton County*, 61 Or. 390 (122 Pac. 755, 756), speaking for the court, said:

"In our opinion these are the plain conditions prerequisite to a recovery: (1) Plaintiff must have been lawfully traveling upon the highway.  (2) He must have received an injury by reason of a defect in the highway.

(3) His own negligence must not have contributed to such injury. (4) He must have been ignorant of the defect."

Under the legal principle thus announced, if the statute adverted to is valid, it follows that when the plaintiff's husband undertook to guide the traction engine over the bridge, without using any plank as required by Section 6337, L. O. L., he was not "lawfully" traveling upon the highway, and this action cannot be maintained.

4. It is insisted by plaintiff's counsel, however, that the qualifying word "lawfully," as used in the statute in question, makes the enactment violative of Section 1 of the Fourteenth Amendment of the federal constitution, and causes it to contravene Article I, Section 20 of the fundamental law of Oregon. "A statute which directly or by implication," says Mr. Justice BEAN in *State* v. *Wright,* 53 Or. 344, 348 (100 Pac. 296, 298: 21 L. R. A. [N. S.] 349), "grants special privilege, or imposes special burdens upon persons engaged in substantially the same business, under the same conditions, cannot be sound, because it is class legislation, and an infringement of the equal rights guaranteed to all." The statute under consideration imposes on all persons driving portable or traction engines over any bridge the obligation to use planks in order to protect the structure from the severe strain to which it is thus subjected. This enactment was evidently designed to prevent injuries to public highways, thus making the statute a proper exercise of the police power for the preservation of life and property. The duty to use planks for the purpose indicated is enjoined by law on all persons pursuing the same business under the same conditions, and, this being so, the statute does not make such a class distinction as to render the word "lawfully" violative of either the federal or the state constitutions invoked to defeat the term employed. Thus, as was said by Mr. Justice FIELD in *Bar-*

*bier* v. *Connolly,* 113 U. S. 27, 32 (5 Sup. Ct. 357, 360: 28 L. Ed. 923) :

"Class legislation discriminating against some and favoring others is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment."

To the same effect with respect to the Fourteenth Amendment, see, also, *Hayes* v. *Missouri,* 120 U. S. 68 (7 Sup. Ct. 350: 30 L. Ed. 578) ; *Missouri Pacific Railway Co.* v. *Mackey,* 127 U. S. 205 (8 Sup. Ct. 1161: 32 L. Ed. 107) ; *Walston* v. *Nevin,* 128 U. S. 578 (9 Sup. Ct. 192: 32 L. Ed. 544). As interpreting Article I, Section 20 of our Constitution, see *In re Oberg,* 21 Or. 406 (28 Pac. 130: 14 L. R. A. 577) ; *State* v. *Randolph,* 23 Or. 74 (31 Pac. 201: 17 L. R. A. 470: 37 Am. St. Rep. 655) ; *State ex rel.* v. *Frazier,* 36 Or. 178 (59 Pac. 5) ; *State* v. *Thompson,* 47 Or. 492 (84 Pac. 476: 4 L. R. A. [N. S.] 480: 8 Ann. Cas. 646) ; *State* v. *Muller,* 48 Or. 252 (85 Pac. 855, 120: Am. St. Rep. 205: 11 Ann. Cas. 88).

Our statute permits a recovery against a county for an injury from a defective highway; but, in order to maintain an action for damages resulting from negligence to keep a bridge in repair, the party sustaining injury must come within the express language of the enactment. *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795: 15 L. R. A. 730) ; *Wilson* v. *Ulysses Township,* 72 Neb. 807 (101 N. W. 986: 9 Am. Cas. 1153) ; *James* v. *Wellston Township,* 18 Okl. 56 (90 Pac. 100: 13 L. R. A. [N. S.] 1219: 11 Ann. Cas. 938).

As ·the answer admits and the evidence shows that there was a failure in the respect mentioned, the judgment must be reversed, and the cause remanded, with instructions to dismiss the action, and it is so ordered.

REVERSED.