EPHREM SMITH *vs.* RAY HOWARD, T. T.

MARCH 7, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)  *Certification of Questions.   Questions of Law and Fact.*

The question whether it is the duty of a town to keep its bridges in repair and in safe condition for the passing thereon of motor trucks of the weight of ten tons, is a mixed question of law and fact; whether such weight is a reasonable one being a question of fact to be submitted to the jury under proper instructions.

(2)　*Municipal corporations.　Duty to Maintain Bridges.　Motor Trucks.*

Municipal corporations are under the statutory duty of maintaining public bridges of sufficient structural stability and in such a state of repair that they will sustain the weight of such loads as in the circumstances may reasonably be placed upon them.　What is reasonable care required of a town or city in the circumstances of a particular case and what is reasonable weight in a vehicle are questions of fact for the jury.

(3)　*Automobiles.　Duty to Keep Highways in Repair.　Municipal Corporations.*

As to a defect in a highway or bridge, which would be as likely to cause injury to an ordinary horse-drawn vehicle as to an automobile, a municipal corporation under its statutory obligation to keep such highway or bridge in repair, will be equally liable for damages to an automobile or to an ordinary vehicle, resulting from such defect.

(4)　*Duty to Keep Highways in Repair.　Municipal Corporations.　Injuries Peculiar to Automobiles.*

The question as to the obligation of a municipal corporation in the absence of special statutory provisions, to keep its highways and bridges in such condition that automobiles may not be exposed to the liability to injuries peculiar to that type of vehicles, *is not decided.*

(5)．*Municipal Corporations.　Duty to Keep and Maintain Bridges.　Automobiles.*

On question certified for determination:—

*Held,* that subject to the ordinary rules as to negligence of the parties, and the statutory provisions as to the obligations of towns, a town was liable for injury to plaintiff's motor truck resulting from a defect in or from the insufficiency of a bridge, provided it was found that the use of a vehicle and load of ten tons weight was reasonable upon the kind of bridge which the town should maintain at said location.

TRESPASS ON THE CASE under statute against a town. Certified on questions of law.

SWEETLAND, J.　The above entitled cause is an action of trespass on the case brought against the defendant as the town treasurer of Foster to recover damages for injuries to the plaintiff's automobile truck alleged to have been caused by the negligence of said town in permitting a certain bridge in said town to remain in a defective condition.

The amended declaration in substance alleges that it was the duty of the town of Foster to keep the Moosup Valley Bridge, so-called, in repair and in safe condition for travel; that on May 24, 1917, while the automobile truck

of the plaintiff, which with its load weighed approximately ten tons, was passing over said bridge several planks of said bridge gave way and broke by reason of the unsafe, weak, rotten, decayed and defective condition of said bridge, that said truck partly passed through the floor of said bridge and was damaged; and that said town had notice or but for the want of reasonable care on its part should have known of the defective condition of said bridge. The case is before us upon certain questions, stated to be of law, certified by a justice of the Superior Court to this court for its determination. Said questions are as follows:

"First. Was it the duty of the Town of Foster on May 24, 1917 to keep and maintain in repair the Moosup Valley Bridge so-called in a safe condition for the passing thereon of the plaintiff's truck and its load weighing ten tons?

"Second. Is it the duty of the Town to keep its bridges in repair and in safe condition for the passing thereon of motor trucks of the weight of ten tons?"

(1)      From the terms of the questions certified and as appeared in the argument of counsel before us the question, which was assumed to be one of law, which arose on the hearing upon the defendant's demurrer to the amended declaration, and in the opinion of said justice was of such doubt and importance that it ought to be determined by the Supreme Court, is as to the duty of the town of Foster to maintain said bridge in such condition that it will sustain a vehicle and its load weighing ten tons. That is a mixed question of law and fact. As to the legal duty of said town to maintain at said place a bridge of sufficient structural strength to sustain an ordinary vehicle with its load of reasonable weight we assume that there can have been no doubt in the minds of said justice and counsel. Whether the weight of ten tons is a reasonable one is a question of fact to be submitted to the jury under proper instructions.

The duty of a town with reference to the repair and amendment of highways, causeways and bridges within its territorial limits is imposed by Chapter 83, Sec. 1, Gen.

Laws, 1909, and is as follows: "All highways, causeways and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the town council of such town." The liability of towns for damages suffered by reason of defects in or upon highways, causeways and bridges is prescribed by Chapter 46, Sec. 15, Gen. Laws, 1909, and is as follows: "If any person shall receive or suffer bodily injury or damage to his property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their teams, carts and carriages, which injury or damage might have been prevented by reasonable care and diligence on the part of such town, he may recover, in the manner hereinafter provided, of such town the amount of damages sustained thereby, if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part."

The duty imposed by the General Assembly upon the towns and cities with reference to the care of highways and bridges is that such highways and bridges shall be reasonably safe and convenient for general and ordinary travel. In *McCloskey* v. *Moies*, 19 R. I. 297, this court said: "By the term 'safe and convenient' is not meant, however, that they shall be absolutely safe or free from defects, but reasonably so." In *Foley* v. *Ray*, 27 R. I. 127, this court said: "We cannot say, as a matter of law, that the statutory requirement . . . compelling towns to keep their highways in repair, shall be so construed that no distinction should be made between the care necessary for the construction, maintenance, and repair of a country road and that appropriate in the case of a city street. A reasonable

distinction ought to be made, taking into consideration the circumstances which naturally and necessarily surround (2) each. What would be reasonable care in the one instance might not be in the other, and the question is one of fact which the jury in each case must determine under proper instructions from the court." The standard as to a town's duty, to be applied in each case, is that of reasonable care in the maintenance of highways, having regard to the nature of the locality and the ordinary traffic reasonably to be expected upon said highways. In like manner a town must maintain public bridges of sufficient structural stability and in such a state of repair that they will sustain the weight of such loads as, in the circumstances, may reasonably be placed upon them. What is reasonable care required of a town in the circumstances of a particular case and what is reasonable weight in a vehicle are questions of fact to be submitted to the jury. This rule as to a town's duty is supported by the great weight of authority in this country. It has been well stated in Gregory v. Adams, 14 Gray, 242, at p. 246, "the obligation of these municipal corporations is, not to keep all their highways and bridges in the highest possible state of repair, or so as to afford the utmost convenience to those who have occasion to use them; but only in such condition that, having in view the common and ordinary occasions for their use, and what may fairly be required for the proper accommodation of the public at large in the various occupations which may from time to time be pursued, each particular way shall be so wrought, prepared and maintained that it may justly be considered, for all the uses and purposes for which it was laid out and designed, to be reasonably safe and convenient." In that case it appeared that an elephant, weighing between five and six tons, while passing over a public bridge in the town of Adams, which bridge was insufficient to sustain the weight of the elephant, broke through said bridge and was injured. The court held that the question of whether the town was liable to the owner of the elephant could not be

determined absolutely by the court, and that the case should be submitted to a jury under proper instructions. See also *Wilson* v. *Granby*, 47 Conn. 59; *Anderson* v. *St. Cloud*, 79 Minn. 88; *Moore* v. *Hazelton*, 118 Mich. 425; *Yordy* v. *Marshall County*, 80 Iowa, 405; *McCormick* v. *Washington*, 112 Pa. 185.

Our conclusion that said questions cannot be determined by us as legal questions apparently disposes of the matter certified. Counsel for the defendant, however, has argued before us that an automobile truck should not be considered as either a team, cart or carriage within the meaning of the statutory provisions imposing liability upon towns; and hence as to such a vehicle the town of Foster was under no obligation to maintain said bridge in a safe condition for travel. This argument presents a question of law and as it may be regarded as incidentally within the scope of the questions certified we will pass upon it. The General Assembly has by elaborate regulations provided for the legal use of automobiles upon the highways within the cities and towns of the State. Automobiles probably exceed in number all other vehicles of private locomotion upon our public streets and roads. They surely come within the general designation of carriages, though probably they should be held to differ in kind from the carriages contemplated in said statutory provisions, when the same were first enacted. In many respects the liability of an automobile to injury from a defective highway or bridge does not materially differ from that of a horse-drawn vehicle of the same weight. As to such particulars the burden upon a town in maintaining its roads and bridges safe and convenient for travel with automobiles is no greater than that which arises in travel with ordinary vehicles. In some other respects their liability to injury would seem to be much greater and the corresponding burden upon the town would be largely increased, if it should be held that towns must, without limitation, keep their highways and bridges reasonably safe and convenient not only for ordinary carts and carriages but also for automobiles. It is well

known that they are propelled by complicated machinery, subject to disarrangement. The surfaces of their wheels are covered with expensive tires which may be injured by sharp substances or by some other materials upon the surface of a highway or bridge. Their wheels are particularly liable to side-slip or skid with injurious results, or to be impeded in their operations by the nature and condition of the surfaces of highways or bridges; and it is not unlikely that in other ways, unknown to the court, automobiles may be the subject of injuries to which the ordinary vehicle is not exposed. In this case the question has not (4) been argued before us as to the obligations of towns, in the absence of special statutory provisions, to keep their highways and bridges in such condition that automobiles may not be exposed to injury in the particulars of which we have spoken and as to which the liability to injury is peculiar to that type of vehicles. The question does not arise in this case and we will leave it for determination in some case in which it may be directly involved. As to a defect in a highway or bridge, which would be as likely to cause injury to an ordinary horse-drawn vehicle as to an automobile, we will hold that a town, under obligation to keep such highway or bridge in repair, will be equally liable for damages to an automobile or to an ordinary vehicle, resulting from such defect.

(5) In the matter now under consideration we say that, subject to the ordinary rules as to negligence of the parties, and the provisions as to the obligations of towns, the defendant is liable for injury to the plaintiff's automobile resulting from a defect in, or from the insufficiency of, said bridge provided it is found that the use of a vehicle and load of ten tons weight is reasonable upon the kind of bridge which the defendant should maintain at said location.

The papers in the case will be sent back to the Superior Court with this decision certified thereon.

*Archambault & Archambault,* for plaintiff.
*John P. Beagan,* for defendant.