### FRANCES I. BORDEN v. CITY OF BROCKTON.

Plymouth. January 11, 1911. — March 4, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Tax,* Sidewalk assessment. *Sidewalk. Brockton.*

The board of aldermen of the city of Brockton, which had accepted the provisions of R. L. c. 49, §§ 42-44, relative to the establishment of grades for and to the construction of sidewalks, " if in their judgment the public convenience so requires," and to the assessment of one half of the cost thereof upon the abutters, adopted the following order which was approved by the mayor : " Ordered, that the superintendent of streets be and he is hereby directed to lay and construct a granolithic sidewalk in front of " certain estates " and report to the board a schedule of the cost thereon." After the construction of the sidewalk, an abutter was assessed for one half the cost of so much as was constructed in front of his premises. *Held,* that, because of the omission from the order of the board of aldermen of a statement that in their judgment public convenience required the building of the sidewalk, it was not apparent whether the order was made under R. L. c. 49, § 44, or was an order for specific repairs, which the board had power to make under R. L. c. 48, § 65, St. 1881, c. 192, § 1 ; and therefore that the order could not be made the foundation of an assessment.

CONTRACT for the amount of an assessment for the laying and construction of a granolithic sidewalk, paid under protest. Writ dated September 23, 1908.

In the Superior Court the case was heard by *Harris,* J., without a jury. The following facts were agreed to:

---

On June 25, 1906, the defendant's board of aldermen passed the following order, which was approved by the mayor on July 2, 1906: "Ordered, that the superintendent of streets be and he is directed to lay and construct a granolithic sidewalk in front of the estates of W. H. Tobey, Frances I. Borden and the Central Methodist Church and report to the board a schedule of the cost thereon." Acting thereunder the defendant's superintendent of streets constructed a granolithic sidewalk in front of the estate of the plaintiff, and on August 13, 1906, reported to the board of aldermen the cost thereof to be $309.60. The sidewalk was accepted by the board and an order was adopted by them charging and assessing the plaintiff with one half the cost of the sidewalk, due notice of which was given to the plaintiff and payment demanded. The assessment was duly committed to the collector of taxes for the defendant by the board of aldermen. The collector, on August 14, 1908, advertised the property of the plaintiff to be sold at public auction on September 8, 1908, for the purpose of satisfying the assessment and the costs and charges thereof. On September 8, 1908, the sale was adjourned until September 22, 1908. On September 15, 1908, the plaintiff paid the assessment, amounting to $155, under protest. This action was to recover the amount so paid.

R. L. c. 48, § 65, referred to in the opinion, (which formerly was Gen. Sts. c. 43, § 59,) reads as follows: " The selectmen or road commissioners of a town may lay out or alter town ways for the use of the town and private ways for the use of one or more of the inhabitants thereof; or they may order specific repairs to be made upon such ways."

St. 1881, c. 192, § 1, reads as follows: " The inhabitants of the town of Brockton shall continue to be a body politic and corporate under the name of the City of Brockton, and as such shall have, exercise and enjoy all the rights, immunities, powers and privileges, and shall be subject to all the duties and obligations, now incumbent upon and pertaining to the said town as a municipal corporation."

R. L. c. 49, §§ 42–44, give power to the mayor and boards of aldermen of cities, and to the selectmen or road commissioners of towns, where the city councils of such cities and such towns have accepted the provisions of those sections, to establish, grade

and construct sidewalks "if in their judgment the public convenience so requires," and to assess one half of the cost thereof upon abutters.

At the request of the parties the judge reported the case for determination by this court, it being agreed that, if the assessment by the board of aldermen, in order to be legal, should contain the words that the decree of the board is that "public convenience so requires" the construction of the sidewalk, judgment was to be entered for the plaintiff in the sum of $156.55 and costs, but, if the assessment did not require such words to be inserted to make it legal, judgment was to be rendered for the defendant.

The case was submitted on briefs.

*L. E. Chamberlain & E. H. Fletcher*, for the plaintiff.

*W. G. Rowe*, for the defendant.

LORING, J. It is not stated in the agreed facts that R. L. c. 49, §§ 42–44, or any of the earlier acts therein referred to, had been accepted by the city council of the defendant. But in the plaintiff's argument it is expressly conceded that each of these sections had been so accepted. The mayor and aldermen of the defendant city (having the powers of selectmen of towns, St. 1881, c. 192, § 1) could have ordered the construction of the sidewalk here in question under the power given by R. L. c. 48, § 65, to order specific repairs. If the order had contained a statement that in their judgment public convenience required the building of the sidewalk, it would have been apparent that they were acting under one of the three systems of sidewalk assessments set forth in R. L. c. 49, as to which see *Copeland* v. *Springfield*, 166 Mass. 498. But in the absence of those or other words showing that they were acting under an assessment act, it is not apparent whether the order was made under the act as to specific repairs or under an assessment act. Under those circumstances such an order as we have here is not the foundation of an assessment, and it is not necessary to consider whether the order should have contained the statutory words had one of the assessment acts been the only act under which the order could have been made.

*Judgment on the finding.*