Argued September 24, affirmed October 21, 1919, rehearing denied April 20, 1920.

## STATE v. SAVAGE.

(184 Pac. 567.)

Constitutional Law—No Burden not Imposed on Similar Class can be Imposed on One Class.

1. Generally, no one may be subject to any greater burdens and charges than are imposed on others in the same calling or condition, or in like circumstances; and no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes.

Constitutional Law—Equal Protection of Law Denied Unless Classification is not Arbitrary.

2. If statute applies only to one class of persons, and imposes upon them duties not common to others, there must exist in the relations of such persons to the state, to the public, or to individuals some reasonable ground of distinction sufficient to show that the classification is not merely personal and arbitrary, else there will be a denial of the equal protection of the law.

Fish—Law Applicable to Fish Applies to Crabs.

3. Crabs are fish, and the law applicable to fish is applicable to crabs.

Fish—Property Rights in Fish in State for Benefit of Citizens.

4. The title to migratory fish, *feræ naturæ*, while in a state of freedom, so far as a right of property can be asserted, is in the state, not as a proprietor, but in its sovereign capacity, for the benefit of and in trust for citizens of the state in common.

Constitutional Law—Prohibiting Taking of Salt-water Crabs, Class Legislation.

5. Laws of 1915, page 31, and Laws of 1917, page 848, amending Section 5360, L. O. L., prohibiting the taking of salt-water crabs from Coos County for purpose of sale, by making statute inapplicable to those engaged in canning business, without a good reason for so doing, *held* discriminatory class legislation, and void under Article I, Section 20, of the Constitution.

Statutes—Void Amendment Leaves Statute Unchanged.

6. Where amendments to section of the statute are void, the section itself remains intact and valid.

Fish—Restriction as to Catching in Certain Season or for Years or for Sale, Valid.

7. Legislature has the power to enact laws prohibiting the catching of fish or the killing of game for a certain term of years, or for a certain portion of the year, or in certain localities, where the conditions are different from those in other portions of the state, or for purposes of sale, or may restrict quantity of fish or game that may be caught or killed.

Constitutional Law—Local Laws cannot be Declared Invalid Unless Discriminatory or Arbitrary.

8. Where there is no express constitutional restriction against the passage of local laws by a state legislature, the courts cannot hold such laws void for want of constitutional authority to enact them unless they are clearly discriminatory or merely arbitrary.

Constitutional Law—Equal Protection of Laws Defined.

9. The equality clause, United States Constitution, fourteenth amendment, requires that the law, when impartially applied, shall operate equally and uniformly upon all persons in similar circumstances, and confers like privileges to all who may comply with its terms or come within its provisions, and does not prohibit legislation which is limited, either in the objects in which it is directed or by the territory within which it is to operate.

Fish—Statute Prohibiting Taking Salt-water Crabs in Certain County Constitutional.

10. Section 5360, L. O. L., prohibiting the taking of salt-water crabs from Coos County for purpose of sale, as it exists apart from the void amendments of 1915 and 1917, is an equal law, and is valid, since it confers equal rights on all citizens, subjects them to equal burdens, and imposes equal penalties on those who violate it.

Statutes—Constitutionality of Law Prohibiting Taking Salt-water
      Crabs in County Named for Purposes of Sale.

11. Section 5360, L. O. L., prohibiting the taking of salt-water
crabs, from Coos County for purpose of sale, as it exists apart
from the void amendments of 1915 and 1917, is not such a special
or local law as comes within the inhibition of Constitution, Article
IV, Section 23, which inhibits the enactment of special or local
laws "for the punishment of crimes and misdemeanors," since the
provision for punishment as a misdemeanor for violation is merely
incident to the act.

From Coos: JOHN S. COKE, Judge.

Department 2.

The defendant Norman C. Savage was convicted and
fined $25 for having on the twenty-seventh day of
March, 1919, shipped or transported from Coos County
to Portland, for sale, two salt-water crabs taken within
said Coos County, and appeals from the judgment of
conviction.                               AFFIRMED.

For appellant there was a brief and an oral argu-
ment by *Mr. L. R. Liljequist.*

For the State there was a brief over the names of
*Mr. George M. Brown,* Attorney General, and *Mr. John
F. Hall,* District Attorney, with an oral argument by
*Mr. Hall.*

BEAN, J.—A demurrer was filed to the complaint
against defendant which was first filed in the Justice's
Court from which an appeal was taken by defendant to
the Circuit Court, and it is contended that the statute
which the defendant is accused of violating is uncon-
stitutional, as in violation of Section 20 of Article I of
the Constitution, which provides:

"No law shall be passed granting to any citizen or
class of citizens, privileges or immunities which, upon
the same terms, shall not equally belong to all
citizens."

An act "to provide for the preservation and protection of salt water crabs within the county of Coos, to regulate the sale and transportation thereof, to prohibit common carriers from conveying the same from said county, and providing penalties for violation of this act," was first enacted by the legislature in 1905, General Laws of Oregon, 1905, page 312. The first act contained a provision as follows:

"That this act shall not apply to the canning of salt-water crabs within said county or other exportation of the canned product thereof."

The act was amended by Chapter 40, General Laws of Oregon, 1907, page 52, which is Section 5360, L. O. L., and reads as follows:

"It shall be unlawful for any person within the county of Coos, State of Oregon, or within or upon the waters thereof, including all bays, harbors and inlets of said county, to kill, take, capture or destroy any greater number than fifty salt-water crabs in one day; and it shall be unlawful for any person or persons, firm or corporation within said county or upon the water thereof, to sell or offer for sale, exchange or transport outside of the said county, or have in possession, for the purpose of such sale or exchange or transportation from said county, any of the aforesaid salt-water crabs; and it shall be unlawful for any steamboat company, express company, or any other common carrier, or corporation, or the officers or agents thereof, or any other person, to transport or carry out of said county, or to receive or have in possession for the purpose of such transportation therefrom, any salt-water crabs, except for the purpose of exhibition or propagation; provided, that this act shall apply to the canning product of salt-water crabs within the said county and the exportation of the same therefrom."

By Chapter 16, General Laws of Oregon, 1915, page 31, this section was amended by changing the proviso so as to read:

"That this act shall apply to the canning product of salt-water crabs within the said county and the exportation of the same therefrom, except the operation of any and all crab canneries, factories or the handling, transportation or exporting of the product of any of such canneries as may have been in operation in said county of Coos at the time of the passage of Chapter 40, by the Legislative Assembly of the State of Oregon, in the year 1907, and all that may be in operation on and after January 1, 1917."

In 1917 the legislature enacted Chapter 409, Laws of Oregon, 1917, page 848, amending Section 5360, so that it would read the same as above quoted except that it "provided, that this act shall apply to the canning product of salt-water crabs within the said county and the exportation of the same therefrom; provided, that this shall not apply to canneries now in existence until July 1, 1918." It will be seen that the section of the Code as last amended provided that it should not apply to canneries then in existence until July 1, 1918, and that the act of 1915 did not apply to the canning factories or the transportation, or exportation of the product of such canneries as had been in operation in Coos County at the time of the passage of Chapter 40 by the legislative assembly in 1907, and that might be in operation on and after January 1, 1917. Section 2 of the act of 1905, and the same number of section of the act of 1907 which is Section 5361, L. O. L., provides that any person violating any of the provisions of the act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than $25, nor more than $500, together with costs

and in default of the payment of such fine, shall be imprisoned one day for every $2 thereof.

It will be noticed that a person engaged in the cannery business would have the privilege of catching any number of salt-water crabs, and transporting the same beyond the limits of the county of Coos for the purposes of sale without violating the terms of the statute, while other citizens doing the same thing in substantially the same manner would be subject to a penalty or imprisonment.

1. The general rule is that no one may be subject to any greater burdens and charges than are imposed on others in the same calling or condition or in like circumstances, and no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes. A statute infringes this guaranty if it singles out for discriminatory legislation particular individuals not forming an appropriate class, and imposes upon them burdens or obligations or subjects them to rules from which others are exempt.

2. If the statute applies only to one class of persons and imposes upon them duties not common to others, there must exist in the relations to such persons to the state, to the public, or to individuals some reasonable ground of distinction sufficient to show that the classification is not merely personal and arbitrary, else there will be a denial of the equal protection of the law: 6 R. C. L., p. 403, § 398; *Barbier* v. *Connolly,* 113 U. S. 27 (28 L. Ed. 923, 5 Sup. Ct. Rep. 357); *Yick Wo* v. *Hopkins,* 118 U. S. 356 (30 L. Ed. 220, 6 Sup. Ct. Rep. 1064); *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79 (46 L. Ed. 92, 22 Sup. Ct. Rep. 30); *State* v. *Richcreek,* 167 Ind. 217 (77 N. E. 1085, 119 Am. St. Rep. 491, 10 Ann. Cas. 899, 5 L. R. A. (N. S.) 874);

*In re Opinion of Justices,* 207 Mass. 601 (94 N. E. 558, 34 L. R. A. (N. S.) 604); *Boone* v. *State,* 170 Ala. 57 (54 South. 109, Ann. Cas. 1912C, 1065); *Stratton Claimants* v. *Morris Claimants,* 89 Tenn. 497 (15 S. W. 87, 12 L. R. A. 70); *Nitka* v. *Western Union Tel. Co.,* 149 Wis. 106 (135 N. W. 492, Ann. Cas. 1913C, 863, 49 L. R. A. (N. S.) 337).

The general principle seems to be that if legislation, without good reason and just basis, imposes a burden on one class which is not imposed on others in like circumstances or engaged in the same business, it is a denial of the equal protection of the laws to those subject to the burden and a grant of immunity to those not subject to it. Particular laws granting special privileges and immunities must run the gauntlet of both the provisions of the fourteenth amendment to the federal Constitution which secures the equal protection of the laws and those of the state Constitutions which prohibit the enactment of special laws granting privileges and immunities. The tests, as to both, are substantially similar. Also the inherent limitations on legislative power may themselves be sufficient to nullify such laws. The provisions of the state Constitution are the antithesis of the fourteenth amendment in that they prevent the enlargement of the rights of some in discrimination against the rights of others, while the fourteenth amendment prevents the curtailment of rights: 6 R. C. L., § 400, p. 406; 12 C. J., § 827, p. 1111; Cooley's Const. Lim., p. 561 et seq.; *State* v. *Nashville etc. R. Co.,* 124 Tenn. 1 (135 S. W. 773, Ann. Cas. 1912D, 805).

3. There is no question but that crabs are fish and the law applicable thereto applies: 19 Cyc. 987; 35 Cyc. 1454.

4. The title to migratory fish, *ferae naturae,* while in a state of freedom so far as a right of property can

be asserted is in the state, not as a proprietor, but in its sovereign capacity for the benefit of and in trust for citizens of the state in common: *State* v. *Hume,* 52 Or. 1, 5 (95 Pac. 808); *State* v. *Catholic,* 75 Or. 367 (147 Pac. 372, Ann. Cas. 1917B, 913); *Portland Fish Co.* v. *Benson,* 56 Or. 147, 154 (108 Pac. 122).

5. No good reason is suggested or can be conceived that in the protection of fish a portion of the people should be subject to prosecution and punishment for the catching or transportation for mercantile purposes of salt-water crabs taken in Coos County, while another class of persons operating canneries should have the exclusive privilege of taking and shipping the same kind of fish beyond the limits of the county for the purposes of sale. The act of 1915 and that of 1917, clearly grants a special privilege or monopoly to those engaged in the cannery business without any good reason therefor, and is discriminatory class legislation and repugnant to Article I, Section 20 of the Constitution and void: *Monroe* v. *Withycombe,* 84 Or. 328, 336 (165 Pac. 227); *Hume* v. *Rogue River Packing Co.,* 51 Or. 237, 259 (83 Pac. 391, 92 Pac. 1065, 96 Pac. 865, 31 Am. St. Rep. 732, 31 L. R. A. (N. S.) 396); *Eagle Cliff Fishing Co.* v. *McGowan,* 70 Or. 1, 15 (137 Pac. 766); *Jones* v. *Union County,* 63 Or. 566, 574 (127 Pac. 781, 42 L. R. A. (N. S.) 1035; *State* v. *Wright,* 53 Or. 344, 348 (100 Pac. 296, 21 L. R. A. (N. S.) 349, and note); *Maxwell* v. *Tillamook Co.,* 20 Or. 495 (26 Pac. 803).

The legislative enactments of 1915 and 1917 above referred to amending Section 5360, L. O. L., being void, the question arises as to the validity of this section prior to the amendments. It will be noticed that Section 5360 enacted in 1907 is not subject to the objection which we have just considered and applies to all

persons alike.   The rule is stated in 6 R. C. L., page
118, Section 117, as follows:

"An unconstitutional law cannot operate to super-
sede any existing valid law: (*Chicago I. & L. R. Co.* v.
*Hackett,* 228 U. S. 559 (57 L. Ed. 996, 33 Sup. Ct. Rep.
581), and accordingly where a clause repealing a prior
law is inserted in an act, which act is unconstitutional
and void, the provision for the repeal of prior laws will
fall with it and will not be permitted to operate as re-
pealing such prior laws."

6. In the present case the amendment itself accord-
ing to the authorities above noticed is void.   There
was no attempt to enact a change of the statute, other
than by the amendment, or to repeal the law as ex-
pressed in Section 5360, L. O. L.   If there was no
amendment of Section 5360, then it follows that this
section remains intact and valid: *Portland* v. *Coffey,*
67 Or. 507, 515 (135 Pac. 358); *City of Portland* v.
*Schmidt,* 13 Or. 17 (6 Pac. 221).

A further objection to the constitutionality of the
law in question is made that it is in violation of sub-
division 2, Section 23, Article IV of the Constitution,
which inhibits the enactment of special or local laws,
"for the punishment of crimes and misdemeanors."
This objection, if tenable, is applicable to Section 5360,
L. O. L., prior to the void amendments.   It is also
urged that the law is special for the reason that it
applies only to Coos County.   Counsel for defendant
cites a wealth of authorities from other states where
the constitutions are different from ours.

7. It must be conceded that it is within the province
of the lawmakers of the state to properly protect fish
and game by the passage of appropriate laws: 12 C. J.,
p. 1172, § 915.   We think it is valid for the legislature
to enact a law prohibiting the catching of fish or the

killing of game for a certain term of years, or for a certain portion of the year, or to prohibit the taking of fish or the killing of game in certain localities, where the conditions are different from those in other portions of the state, or that the taking of such fish or the killing of such game may be restricted in quantity or number, or by not permitting the same for purposes of sale: 19 Cyc. 1009, note 19; *Osborn* v. *Charlevoix, Circuit Judge,* 114 Mich. 655 (72 N. W. 982).

8. Where there is no express constitutional restriction against the passage of local laws by a state legislature, the courts cannot hold such laws void for want of constitutional authority to enact them, unless they are clearly discriminatory or merely arbitrary. There is a distinction between special laws and class legislation.

9. The equality clause only requires that the law when impartially applied shall operate equally and uniformly upon all persons in similar circumstances, and confers like privileges to all who may comply with its terms or come within its provisions. It does not prohibit legislation which is limited, either in the objects in which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike under like conditions: 6 R. C. L., § 413, p. 417; § 414, p. 418; *In re New York Elevated R. R. Co.,* 70 N. Y. 327, 346; *People* v. *Squire,* 107 N. Y. 593 (14 N. E. 820, 1 Am. St. Rep. 983, note, p. 903); *People* v. *Judge,* 17 Cal. 547; *State* v. *Ellet,* 47 Ohio, 90 (23 N. E. 931, 21 Am. St. Rep. 772, note, pp. 780–789).

10. Section 5360, L. O. L., as enacted in 1907 confers equal rights an all citizens of the state and subjects them to equal burdens, and imposes equal penalties on every person who violates it. Although no one can

ordinarily enjoy the right, or be subject to the burden
or infringe its provisions without going to, or being
within Coos County, it is an equal law and valid: *State*
v. *Griffin,* 69 N. H. 1 (39 Atl. 260, 76 Am. St. Rep.
139, note, pp. 147–154, 41 L. R. A. 177); *Arms* v. *Ayer,*
192 Ill. 601 (61 N. E. 851, 85 Am. St. Rep. 357, 360, 58
L. R. A. 277); *Wanser* v. *Hoos,* 60 N. J. Law, 482 (38
Atl. 449, 64 Am. St. Rep. 600, 614).   There is nothing
in our Constitution to prevent the enactment of a local
law for the protection of fish and game.   *Fouts* v. *Hood
River,* 46 Or. 492, 504 (81 Pac. 370, 7 Ann. Cas. 1160,
1 L. R. A. (N. S.) 483), is an analogous case on this
point.   There are numerous laws in this state which
have stood the test of many years prohibiting the kill-
ing or slaughtering of game or the catching of fish at
certain seasons of the year in certain localities.   If all
persons who catch fish or kill game in a certain place
within this state are subject to the same law, and the
law applies to everyone alike, it is a general law.   In
*State* v. *Sturgess,* 9 Or. 537, 539, this court recognized
the validity of a local act of October 16, 1878, establish-
ing "such regulations for the protection of salmon in
the particular locality embraced by it, as the legislature
deemed necessary and expedient, in view of the peculiar
condition of the Columbia River * * ": *State* v. *Mc-
Guire,* 24 Or. 366 (33 Pac. 666, 21 L. R. A. 478).   In
*Portland Fish Co.* v. *Benson,* 56 Or. 147 (108 Pac. 122),
it was held in relation to closing portions of a stream
that this affects the locality and not the individual.
Mr. Justice EAKIN said:

"A law that operates only in a limited territory to
accomplish a specific purpose does not deny equal pro-
tection of the laws, as it affects all persons equally and
impartially who are similarly situated: 6 Am. & Eng.
Enc. Law (2 ed.), 80."

In *State* v. *Marco,* 93 Or. 333 (183 Pac. 653), a statute making it unlawful to take certain fish by means of purse seines east of a described line in the Columbia River was enforced. In *Ladd* v. *Holmes,* 40 Or. 167, Mr. Justice WOLVERTON, at page 172 of the opinion (66 Pac. 714, at page 716, 91 Am. St. Rep. 457), said:

"A law may be general, however, and have but a local application, and it is none the less general and uniform, because it may apply to a designated class, if it operates equally upon all the subjects within the class for which the rule is adopted; and, in determining whether a law is general or special, the court will look to its substance and necessary operation, as well as to its form and phraseology."

In principle the question is settled in this state. The county of Coos was mentioned in the statute as a convenient method of describing the waters thereof including all bays, harbors, and inlets of the county. It is not suggested that on account of the description of the restricted area the practical application of the law would work any inequality on any particular body of water or stream, but the contention is that the act must apply to the whole state in order to be valid.

11. Section 5360, L. O. L., is not such a special or local law as comes within the inhibition of Section 23, Article IV, of the Constitution, for the reason it provides for the punishment as a misdemeanor for a violation of its provisions as that is merely incident to the act. If the legislature can enact a law for the protection of fish and game in a certain section or part of the state, then it follows that the law may be enforced by the punishment of a violation thereof. The apparent purpose of the act is for the protection of salt-water crabs: *Ladd* v. *Holmes,* 40 Or., at page 177 (66 Pac. 714, 91 Am. St. Rep. 457); *Harper* v. *Galloway,* 58 Fla.

255, 265 (51 South. 226). The second proviso of the act of 1917 is to the effect that it shall apply to canneries after July 1, 1918. According to our view holding this section of the law prior to the two later attempted amendments valid, it is unnecessary to consider the effect of this last proviso in the act of 1917, as the same result would be obtained whichever way it might be decided in regard thereto.

Since the act with which the defendant was charged by the complaint, and for the commission of which he was convicted and fined, was in violation of Section 5360, which is a valid law, it follows that the demurrer filed by the defendant was properly overruled, and that the judgment of the lower court should be affirmed. It is so ordered.    AFFIRMED.    REHEARING DENIED.

MCBRIDE, C. J., and JOHNS and HARRIS, JJ., concur.

---

Rehearing denied April 20, 1920.

PETITION FOR REHEARING.

(189 Pac. 427.)

On petition for rehearing. Petition denied and former opinion approved.    REHEARING DENIED.

*Mr. L. A. Liljequist,* for the petition.

*Mr. John F. Hall,* District Attorney, and *Mr. George M. Brown, contra.*

Department 2.

PER CURIAM.—For the reasons given in the original opinion, as well as those set forth in *State v.*

*Blanchard, post,* p. 79 (189 Pac. 421), this day decided, we adhere to our former opinion, and the petition for rehearing is therefore denied.

AFFIRMED.   REHEARING DENIED.