Argued January 19, affirmed February 21, 1961

# NILSEN *v*. DAVIDSON INDUSTRIES, INC. ET AL

360 P. 2d 307

*James L. Hershner,* Eugene, argued the cause for appellants. On the brief were Darling, Vonderheit & Hershner and Thompson Snyder, Eugene.

*Thomas N. Trotta,* Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, Salem, H. J. Belton Hamilton, Assistant Attorney General, Thomas Y. Higashi, Assistant Attorney General, and Quintin B. Estell, Assistant Attorney General, all of Portland.

Before MCALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

LUSK, J.

This suit involves the construction and constitutionality of a section of the Electrical Safety Law of this state, ORS 479.510 to 479.850.

A preamble to the Electrical Safety Law states that its purpose is "to protect the health and safety of the people of Oregon from the danger of electrically caused shocks, fires and explosions and to protect property situated in Oregon from the hazard of electrically caused fires and explosions." ORS 479.520. To this end, it is declared that the Legislative Assembly intends to provide a procedure:

> "(1) For determining where and by whom electrical installations are being made and electrical products are being sold in this state. .
>
> "(2) To assure the public that persons making electrical installations in this state are qualified by experience and training.
>
> "(3) To assure the public that electrical installations made and electrical products sold in this state meet minimum safety standards." Id.

To accomplish these purposes, various classes of licenses are provided which may be obtained only after a written examination administered by the Labor Commissioner. ORS 479.630. Minimum safety standards are established, ORS 479.710 to 479.740, and labels for new electrical installations to be issued by the Commissioner of the Bureau of Labor required, ORS 479.550 to 479.570. Administration and enforcement of the law are entrusted to the Labor Commissioner, ORS 479.520 (4), who is authorized to bring suit to enjoin prohibited acts or practices, ORS 479.830. Criminal penalties for violations of the act are provided by ORS 479.990.

This suit was commenced by the Labor Commissioner to obtain an order enjoining the defendants, Davidson Industries, Inc., an Oregon corporation, and three individuals, Jake Henderson, Bob Marshall and Don Kohler from making electrical installations without a license in certain buildings owned by the corporation.

The complaint alleges in substance that the buildings in question are in course of construction and that the defendants, Henderson, Marshall and Kohler, though not licensed to do so, have made and will continue to make electrical installations in such buildings, all with the permission and under the supervision of the defendant corporation. It is further alleged that neither the individual defendants nor any member of their immediate families own the property on which these electrical installations are being made.

Defendants demurred to the complaint. The trial court overruled the demurrer and, the defendants refusing to plead further, entered a decree in accordance with the prayer of the complaint from which the defendants have appealed.

ORS 479.620 provides in part "Subject to ORS 479.540, no person shall: * * *

"(3) Make any electrical installation without a supervising or journeyman electrician's license."

Electrical installations are defined as follows in ORS 479.530 (6):

" 'Electrical installations' include construction, installation, maintenance and repair of electrical wiring and electrical equipment to be operated thereby, except communication and signal systems of railroad companies."

■ A number of exemptions from the license requirements are contained in ORS 479.540. This case is concerned with the first of these exemptions which reads:

"No person is required to obtain a license to make an electrical installation on property which is owned by himself or a member of his immediate family, and not presently intended for sale."

The defendants urge that the word "person" in this subsection includes corporations and since Davidson owns the property on which the electrical installations are being made, the complaint fails to disclose a violation of the Electrical Safety Law.

ORS 479.530 provides

"As used in ORS 479.510 to 479.850, unless the context requires otherwise: * * *
"(13) 'Persons' includes individuals, corporations, associations, firms, partnerships and joint stock companies."

The question is whether the context of the exemption provision above quoted requires us to say that corporations are not included in the exemption. Webster's New International Dictionary defines "context"

as "The part or parts of a discourse preceding or following a 'text' or passage or a word, or so intimately associated with it as to throw light upon its meaning." If a rational interpretation of the entire provision leads to the conclusion that it is intended to refer to natural persons only, then the court is required to so declare. To us, it is apparent that the exemption is granted only to persons who are or may be members of a family and this, of course, excludes corporations.

Defendants argue that this construction is equivalent to creating a criminal offense by inference or implication. We do not agree. The offense and the penalty and the persons to whom they apply are expressly and clearly stated and it is simply a case where the defendants have misconstrued the exemption. The like answer is applicable to the contention that under the court's construction the exemption violates the rule that a statute will not be presumed to interfere with a private right or title in the absence of express words or necessary intendment or implication.

In *James N. Tardy Co. v. Bd. of Ins. Examiners,* 120 Tex 591, 39 SW2d 848 cited by the defendants, the question was whether the word "person" in a statute prescribing the licensing of insurance agents included corporations. The statute provided that the "person" applying for a license must be determined to be of good moral character before the license may be issued. As a corporation could not have a good moral character, it was contended that the context showed that corporations were not included; but it was held that the provision for good moral character could properly be applied to the corporation's agents, since under general law corporations, unless prohibited

by statute, may act as agents for insurance companies and a license could be taken out in the name of a designated agent or employee. If the rationale of this case were attempted to be used here, it would result in saying that the exemption applies to corporations because they can act only through agents and their agents may be members of families. But since the agents are not the owners of the buildings, the purpose of the statute would thereby be defeated.

The defendants contend that if the exemption provision in the statute is construed to exclude corporations, it violates Art I, § 20 of the Oregon Constitution[①] by granting to natural persons a privilege or immunity which is withheld from corporations.

■ Classification is primarily a legislative problem and the courts have no authority to interfere with the legislative determination as long as it is based upon some real and substantial distinction having a just relation to the object in view. *Mallinckrodt Works v. St. Louis,* 238 US 41, 55, 59 LE 1192, 35 SC 671. Art I, § 20 of the state constitution is the counter-part of the "equal protection of the laws" clause of the Fourteenth Amendment of the Constitution of the United States. "The tests, as to both, are substantially similar." *State v. Savage,* 96 Or 53, 59, 184 P 567, 189 P 427. In *Mallatt v. Luihn et al,* 206 Or 678, 702, 294 P2d 871, we said that "* * * a classification having some reasonable basis does not offend against the Federal Constitution or the Constitution of this state merely because it is not made with mathematical nicety or because in practice it results in some inequality." We there quoted the well-known observation of Mr.

---

[①] Oregon Constitution, Art I, § 20 reads: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Justice Holmes in *Dominion Hotel v. Arizona,* 249 US 265, 268, 63 LE 597, 39 SC 273:

> "The Fourteenth Amendment is not a pedagogical requirement of the impracticable."

It may well be that the legislature concluded that a natural person's interest in securing the safety of his own property against the hazards of electricity made unnecessary the requirement of a license; whereas no such consideration applies to a corporation which can act only through agents. If that was the legislative determination, it is not for the court to question its wisdom; it is enough that the legislature had the power to make it. "The deference due to the judgment of the legislature on the matter has been emphasized again and again." *Dominion Hotel v. Arizona,* supra.

■ Hypothetical cases of claimed discrimination are stated in argument by the defendants. It is said that a partner in a partnership owning many properties need not secure a license to make electrical installations on such properties and that the same is true of the proprietor of a large business, but a corporation must obtain a license whether the installation is made on a large building or a small garage. Instances such as these serve only to show that inequalities in the application of the statute with respect to the size and value of properties may be conceived of. They lose sight of the reason for the classification, namely the distinction based on considerations of the public safety. On the other hand, the legislature may have had good reasons for concluding that rarely would individual owners of large and numerous business properties undertake to make their own electrical installations.

The courts have frequently sustained legislation in which corporations and individuals are put into separate classifications as against the challenge of violations of constitutional guarantees of equality. 12 Am Jur 199, Constitutional Law § 513, 16A CJS 259, Constitutional Law § 495. Of course, a corporation may not be separately classified merely because it is such, but different treatment of corporations may be justified in view of the objects of the legislation and the peculiar characteristics of corporations as distinguished from natural persons. There is no unconstitutional discrimination in a statute which authorizes civil proceedings against a corporation to enjoin a monopoly, with a consequent penalty criminal in its nature, while an individual may only be punished for a like offense after indictment by a grand jury, trial by jury, and proof of guilt beyond a reasonable doubt. *Standard Oil Co. v. Tennessee,* 217 US 413, 54 LE 817, 30 SC 543. A statute depriving corporations, but not individuals, of the defense of usury is not unconstitutional. *Carozza v. Federal Finance Co.,* 149 Md 223, 131 A 332, 43 ALR 1. A statute requiring officers of corporations to file annually with the Secretary of State an affidavit setting forth the non-participation of the corporation in any pool, trust, agreement, or combination under penalty of forfeiture of charter or right to do business in the state, does not violate the guarantee of equal protection because individuals, partnerships and associations are not required to make similar affidavits, although equally within the law against monopolies. *Mallinckrodt Works v. St. Louis,* supra. A statute making it a criminal offense for a corporation to refuse to issue to an employee upon his discharge or voluntary quitting of the service a letter stating the nature of his service and the cause

for its termination, is not unconstitutional because there is no similar duty laid upon individuals. *Prudential Ins. Co. v. Cheek,* 259 US 530, 66 LE 1044, 42 SC 516, 27 ALR 27.

Many other such illustrations might be adduced.

*State v. Savage,* supra, the only authority cited by the defendants, held unconstitutional a statute of this state which prohibited the taking of salt water crabs from the waters of Coos County but made an exception of canneries then in existence. The act was passed avowedly for the preservation and protection of salt water crabs within Coos County. In the state's brief, the only reason suggested for exempting canneries was the desire of the legislature not to cripple an industry. This was a clear case of a legislative grant of a special privilege—a monopoly—to one class of persons without any basis having a just relation to the object in view for the distinction. The decision is not in conflict with our holding in this case.

We are of the opinion that the exemption provision of ORS 479.540 (1) does not include corporations and that the statute as thus construed does not violate the constitutional rights of the defendants.

The decree is affirmed.