283 P.2d 1093

Thomas L. BERRY, doing business as The Quality Repair Dental Lab and The Fit-Rite Denture Materials Sales Laboratory, George S. Snyder, doing business as the Fit-Rite Denture Materials Sales Laboratory, and Donald K. Oster, doing business as the American Dental Repair Lab, Plaintiffs-Appellants,

v.

Wayne SUMMERS, Commissioner of Law Enforcement, State of Idaho, Robert E. Smylie, Attorney General, State of Idaho, Max G. Lloyd, Prosecuting Attorney, Twin Falls County, John M. Sharp, Prosecuting Attorney, Bonneville County, and Blaine F. Evans, Prosecuting Attorney, Ada County, Defendants-Respondents.

No. 8221.

Supreme Court of Idaho.

May 4, 1955.

As Modified on Denial of Rehearing June 9, 1955.

Frank F. Church, Boise, for appellants.

448

Graydon W. Smith, Atty. Gen., J. Ray Durtschi, J. Clinton Peterson and Edward J. Aschenbrener, Asst. Attys. Gen., for respondents.

SMITH, Justice.

Certain pertinent facts alleged by appellants in their amended complaint, which they proved or which respondents admitted, are hereinafter set forth.

Appellants are not dentists; they are dental mechanics or technicians. Each appellant owned and operated a dental laboratory in Idaho and had invested large sums of money therein prior to May 5, 1953, the effective date of Session Laws of 1953, ch. 105, § 1, hereinafter sometimes referred to as the 1953 amendment, and continuously thereafter to the present time.

The training of a dental mechanic or dental technician usually is by apprenticeship extending over some three to four years; each appellant has been so trained.

Appellants, prior to the effective date of the 1953 amendment, performed, and

continue to perform, mechanical work for members of the general public, wearers of artificial dentures, consisting of relining of denture plates, repairing broken denture plates, replacing lost or loose artificial teeth in denture plates, and duplicating or transferring artificial teeth to denture plates, by the techniques employed in dental laboratories; appellants' said services have not been and are not authorized or directed by any licensed dentist. They sell their services direct to such artificial denture wearers.

Appellants as such dental mechanics or technicians, in the performance of such services in their dental laboratories, do not, nor do any of their craftsmen, perform any work whatever in the oral cavity of any person, nor do they touch, examine, treat or prescribe for, remove denture plates from, or place denture plates in, the mouth of any person, or take dental fittings or impressions of any kind or in any manner whatever within the mouth of any customer.

The type of service so performed and sold by appellants to denture wearers has been customarily performed not by licensed dentists but by dental mechanics or technicians who receive their training as apprentices as did appellants, and who perform such services in dental laboratories as do appellants, and without a licensed dentist being present and without any control or supervision of a licensed dentist.

Appellants allege certain other matters, which respondents denied, and in relation to which the trial court refused appellants' offers of proof, not deemed pertinent to the disposition of this case.

Respondents by cross-complaint sought a permanent injunction directed against appellants prohibiting them from practicing dentistry as additionally attempted to be defined by the 1953 amendment.

The decree of the trial court upheld the constitutionality of the 1953 amendment and permanently enjoined appellants "from doing any of the following acts with respect to the teeth, gums, alveolar processes, jaws, or adjacent tissues of another person, * * *, to-wit: constructing, correcting, repairing or relining of dental prosthetic appliances or dentures without first complying with Chapter 9, Title 54, Idaho Code, and * * * from engaging in the acts which constitute the practice of dentistry as defined in Chapter 9, Title 54, Idaho Code, without first complying with said chapter. * * *" Appellants perfected appeal therefrom.

Appellants contend inter alia that they engage in an ordinarily useful, independent occupation or calling, which has been for a long time past and now is legislatively recognized as an independent calling and as having in independent occupational nature of its own, wholly disconnected from the practice of dentistry as such is ordinarily and customarily understood and re-

garded; that they perform merely mechanical work upon inert matter in their dental laboratories. They assert that the regulation attempted to be imposed by the 1953 amendment is designed and intended for the benefit of a class, i. e., the dentists; that it is an arbitrary, unreasonable and discriminatory regulation; that if it is permitted to be enforced such would deprive them of their large sums of capital invested in their dental laboratories, and of their means of livelihood, and thereby would deprive them of liberty and property without due process of law, in contravention of Article I, §§ 1 and 13 of the Constitution of the State of Idaho, and of Fourteenth Amendment of the Constitution of the United States.

The attempted regulation, to which appellants so strenuously object, is an amendment by the 1953 legislature to the definition of the practice of dentistry. That definition, as set out in Session Laws of 1949, ch. 102, § 1, was amended by the 1953 amendment, Session Laws of 1953, ch. 105, § 1, effective May 5, 1953, to include the doing by one person for consideration, of certain things with respect to the teeth, gums, alveolar processes, jaws, or adjacent tissues of another person, namely:

"Constructing, correcting, repairing or relining a dental prosthetic appliance or denture;

"Prescribing the application of a reliner or other substance to a dental phosthetic [prosthetic] appliance or denture;"

and further amended as follows:

"The practice of dentistry as defined in this act shall not be construed to prohibit a person (1) in the employ of a dentist, (2) engaged under an authorization from a dentist, or (3) in the employ of a person engaged under an authorization from a dentist, from performing or supervising the mechanical operations involved in the construction, correction, repair or relining of a dental prosthetic appliance, or denture, but only if such person returns the appliance or denture to his employer dentist or to the dentist who issued the authorization."

The legislature of this State, for thirty-four years last past, has recognized the independent calling of the dental mechanic or technician who performs mechanical work merely upon inert matter in a dental laboratory. The legislative recognition of such independent calling has become and is settled legislative policy, after so long a time, as is shown by the following enactments:

C.S.1919, § 2134 was amended by Session Laws 1921, ch. 255, § 11, in part to provide:

"Nothing in this chapter shall * * *prohibit an unlicensed person from performing merely mechanical work upon*

*inert matter in a dental* laboratory." (Amendatory portion is emphasized.)

Such portion of C.S. § 2134, as so amended, was reenacted as I.C.A.1932, § 53–1321; and reenacted as I.C.1948, § 54–919. It was reenacted by Session Laws 1949, ch. 102, § 30, to read:

"This act shall not be construed as * * * prohibiting any person from performing merely mechanical work upon inert matter in a dental laboratory."

There is no regulation of the dental mechanic, technician or laboratorian, i. e., the law does not provide a standard of education, training, experience or examination and licensing of such a technician; nevertheless such calling is recognized as a highly skilled occupation with an apprenticeship of training requiring some three to four years.

It has not been the policy of the legislature to prohibit either directly or indirectly the following of any legitimate occupation within the State of Idaho. State v. Fite, 29 Idaho 463, 159 P. 1183; State v. Armstrong, 38 Idaho 493, 225 P. 491, 33 A.L.R. 835.

 The right to follow a recognized and useful occupation is a right protected by the constitutional guaranty of liberty. Fourteenth Amendment of the Constitution of the United States; Article I, §§ 1 and 13, of the Constitution of the State of Idaho, Meyer v. State of Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042; Chenoweth v. State Board of Medical Examiners, 57 Colo. 74, 141 P. 132; State v. Armstrong, 38 Idaho 493, 225 P. 491, 33 A.L.R. 835; 11 Am.Jur. Const.Law, sec. 336, p. 1147; 16 C.J.S., Constitutional Law, § 188 p. 556.

 The legislature has power to regulate callings that are related to public health. State v. Smith, 233 Mo. 242, 135 S.W. 465, 33 L.R.A.,N.S., 179; State v. Armstrong, 38 Idaho 493, 225 P. 491, 33 A.L.R. 835; but the legislature may not prohibit a calling unless it is inherently injurious to the public health, safety or morals, or has a tendency in that direction. Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; State v. Armstrong, 38 Idaho 493, 225 P. 491, 33 A.L.R. 835; Bruhl v. State, 111 Tex.Cr.R. 233, 13 S.W.2d 93; State v. Culdice, 33 N.M. 641, 275 P. 371; 16 C.J.S., Constitutional Law, § 188, p. 556.

The 1953 amendment does not prohibit one not a licensed dentist from pursuing the calling of a dental mechanic or technician in performance of mechanical work upon inert matter in a dental laboratory, provided that the technician performs such services only under the authorization of a licensed dentist, and returns to the dentist any artificial denture worked upon.

 The amendment attempts the further regulation of such calling so as to re-

quire the dental mechanic or technician, who performs mechanical work upon inert matter, in a dental laboratory, direct for artificial denture wearers, as appellants so performed such services prior to the 1953 amendment and thereafter to the present time, to be possessed of the education and training of a dentist and *to be licensed as a dentist;* under those circumstances such a dental technician would engage in the practice of dentistry. With that we cannot agree. Any such educational requirement and licensing as a dentist, as a prerequisite for performance of such services so performed by appellants and others similarly situated, is not a reasonable regulation and is not reasonably necessary for the protection of the public. So far as such amendment affects, or is intended to affect such independent occupation of dental mechanic or technician in the performance of mechanical work upon inert matter in a dental laboratory, the act is unconstitutional and void. We do not infer that the legislature may not reasonably regulate such artisan calling, or reasonably regulate the dental mechanic or technician who desires to practice such artisanry in the future; but we do hold that the legislature may not do away with the vested rights of appellants and others similarly situated by prohibiting them from following their chosen occupation, legislatively recognized as an independent calling for thirty-four years last past; Fourteenth Amendment to the Constitution of the United States; Article I, §§ 1 and 13 of the Constitution of the State of Idaho.

■■ It follows that Session Laws of 1949, ch. 102, § 30 is still in force and effect and was not repealed by implication by the enactment of Session Laws of 1953, ch. 105, § 1. An unconstitutional enactment cannot operate to supersede an existing valid law. 11 Am.Jur.Const.Law, sec. 148, pp. 827–829; Chicago, Indianapolis & Louisville R. Co. v. Hackett, 228 U.S. 559, 33 S.Ct. 581, 57 L.Ed. 966; State v. Savage, 96 Or. 53, 184 P. 567, 189 P. 427.

The judgment of the trial court is reversed and the cause remanded with instructions to the trial court to dissolve the injunction and to enter judgment in favor of appellants consonant with the views herein expressed.

No costs allowed.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.