## No. 18,100.

### SCHOOL DISTRICT NO. 2, FREMONT COUNTY *v.* RALPH BRENTON.
(323 P. [2d] 899)

Decided March 31, 1958.   Rehearing denied April 21, 1958.

Mr. JACK MERWIN, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Messrs. JENKINS, STEWART & TURSI, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appeared in reverse order in the trial court. We shall refer to defendant in error as plaintiff and to plaintiff in error as the district.

In June 1949, plaintiff was employed by the district as a classroom teacher and high school principal, and held that position continuously until the end of the school year 1954-1955, and during that last year drew a salary of $4800.00. This salary was fixed by a *Salary Schedule* adopted by the district fixing the salaries of *Certificated Employees of The Florence City Schools* (the district).

On March 22, 1955, the district adopted a resolution abolishing the position of principal of The Florence High School and delegated to the superintendent of the district the duties of principal of the high school, the superintendent to perform these additional duties with no increase in salary. The resolution recited that: "* * * The financial condition of Fremont County School District No. 2, justifies a decrease in the number of administrative positions; * * *."

On April 14, 1955, plaintiff received a copy of the following notice:

"N O T I C E

"TO: The School Board of Fremont County School District Number 2, at Florence, Colorado.
Under and by virtue of the provisions of 123-18-7, '53 C.R.S., and in accordance with the Resolution of the said School Board of Fremont

County School District Number 2, adopted March 22, 1955, cancellation of the employment of Ralph Brenton as Principal of the Florence High School, and a teacher on continuous tenure, is sought.

The basis upon which the above action is requested is:

The Resolution of the School Board of Fremont County School District Number 2, adopted March 22, 1955, determining that the financial condition of Fremont County School District Number 2, at Florence, Colorado, justifies a decrease in the number of administrative positions.
/s/ Barto Balitz
Superintendent of Schools"

On April 21, 1955, plaintiff demanded a public hearing on his discharge. Hearing was had May 20, 1955. At this hearing it was established that no decreases in salaries for the school year 1955-1956 were contemplated for teachers holding master's degrees; that plaintiff's services had been satisfactory in all respects; that there was to be no reduction in the number of teachers to be employed and there would probably be an increase of one or two; that the district had offered plaintiff a contract for the school year 1955-1956 at an annual salary of $3550.00, which contract, among other things, provides:

"5. That the Employee shall be assigned to such position as the Superintendent of Schools may deem best, and such position shall be subject to change during the school year at the sole discretion of the Superintendent."

The evidence further shows that plaintiff not only performed the duties of principal, but also had three classes of fifty-five minutes each per day. At the hearing, plaintiff stated he wished to have a contract for the coming year with no reduction in salary. At the conclusion of the hearing, the district affirmed its resolution of March 22, 1955.

On July 30, 1955, plaintiff brought this action in the District Court of Fremont County, wherein he sought an order of the court directing the district to re-employ plaintiff as a permanent teacher for the school year 1955-1956 at a salary of not less than $4800.00 per year. Defendant filed its answer February 20, 1956, admitting facts properly pled by plaintiff, denied several conclusions of law, and denied that plaintiff had acquired "stable and continuous tenure" as a teacher within the meaning of CRS '53, 123-18-1, et seq.

On August 14, 1956, the trial judge entered elaborate findings of fact and entered judgment for the plaintiff for the sum of $1250.00. The record does not disclose any evidence to have been taken before the trial court, nor does it disclose any stipulation of facts; however, from the briefs and the court's findings, it would appear that all parties and the court proceeded on the theory or assumption that the court consider the testimony presented at the board hearing as the evidence in the case, and that the plaintiff has served as a teacher for the year 1955-1956 and had been paid $3550.00 for his services. We proceed to review the actions of the trial court on the above assumptions.

■ There is no question that plaintiff, though serving as principal, was a teacher, as defined in the *Teacher Tenure Act.* C.R.S. '53, 123-18-2.

"The term *'teacher'* as used in this article shall be deemed to mean and include all persons regularly certified by the teacher certifying authority of the state of Colorado, excepting those holding special permits *and excepting the chief administrative officer of any school district.* A person whose duties include those of a chief administrative officer and who is on the average required to spend two-thirds or more of the regular school hours during each school day in classroom teaching, shall be included under the provisions of this article as a teacher." (Emphasis supplied.)

The above language is broad enough to include as

*teachers* all persons holding a certificate to teach, issued pursuant to C.R.S. '53, 123-17-1, except *the chief administrative officer of the district* who is required to devote less than two-thirds of regular school hours in classroom teaching.

It is equally clear that plaintiff acquired stable and continuous tenure, having served five full years "* * * as a teacher in active service in the same first-class school district [the district], * * * shall have stable and continuous tenure as a teacher in such school during efficiency and good behavior and continuous service. * * *." C.R.S. '53, 123-18-3.

The district, by virtue of its actions in seeking to abolish the position of principal of Florence High School, ignored the provisions of the Teacher Tenure Act. Apparently the district took the position that C.R.S. '53, 123-18-7, authorized it to cancel plaintiff's contract. This section limits the grounds for cancellation to: (1) incompetency, (2) neglect of duty, (3) immorality, (4) insubordination, (5) justifiable decrease in the number of teacher positions, (6) or other good and just cause. There is no charge of incompetency, neglect of duty, immorality or insubordination. The evidence shows that the number of teaching positions was not to be decreased, but probably was to be increased by one or two positions. No other *good and just cause* is suggested.

It is suggested in the briefs that the district could transfer plaintiff from one position to another, pursuant to C.R.S. '53, 123-18-5. In this the district is correct, but such right to transfer is limited: "* * * provided that such transfer shall not change the position to which such teacher is entitled on the regular teacher salary schedule of the employing district; * * *."

The district made the transfer, but undertook to change plaintiff's position on the salary schedule from $4800.00 to $3550.00.

The above section further limits the authority of the district to transfer a teacher holding an executive posi-

tion, such as principal: "* * * except that a teacher who has been occupying a position of an executive or administrative nature, may *if deemed unsatisfactory in such position* be returned to regular classroom teaching at the regular salary figure to which he would have been entitled had he not occupied such administrative or executive position. * * *." (Emphasis supplied.)

There is nothing in the record to indicate that the district deemed plaintiff unsatisfactory as a principal, and its action is not warranted by this section.

The action of the district is in direct conflict with the purpose and letter of the Teacher Tenure Act and cannot be sustained. Legislative powers granted to school districts of the first class prior to enactment of the Teacher Tenure Act adopted in 1953 must be exercised within the framework of that act.

We are not in accord with all of the voluminous findings of the trial court. The judgment is correct, and it is therefore affirmed.