384 P.2d 484

Thomas L. BERRY, doing business as the Quality Repair Dental Lab and the Fit-Rite Denture Material Sales Laboratory, George S. Snyder, doing business as the Fit-Rite Denture Material Sales Laboratory, Plaintiffs-Appellants,

v.

Earle E. KOEHLER, Commissioner of Law Enforcement, State of Idaho, Frank L. Benson, Attorney General of the State of Idaho, Edward Babcock, Prosecuting Attorney of Twin Falls County, and William C. Roden, Prosecuting Attorney of Ada County, Defendants-Respondents.

No. 9196.

Supreme Court of Idaho.

Aug. 12, 1963.

Elam, Burke, Jeppesen & Evans, Vernon K. Smith, Boise, for appellants.

Frank L. Benson, Atty. Gen., Boise, Samuel Kaufman, Jr., Sp. Asst. Atty. Gen., Boise, for respondent.

SMITH, Justice.

The opinion of this Court filed April 17, 1963, is withdrawn and this opinion is substituted therefor.

This Appeal No. 9196 arose after remittitur of the same cause heretofore before this Court as Appeal No. 8813, Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010. The remittitur directed the trial court to find, conclude and enter its judgment in conformity with the views expressed both in the opinion on the original hearing filed June 2, 1961, and in the opinion on rehearing filed March 23, 1962, added to the original opinion.

The trial court upon remittitur entered amended findings of fact, conclusions of law, and judgment; also entered an order denying appellants' objections to portions of such findings, conclusions and judgment. Appellants perfected an appeal from both the judgment and the order, and (quoting from the notice of appeal) "from the whole of such Amended Findings of Fact, [and] Conclusions of Law."

Appellants on this appeal, No. 9196, by their assignments of error contend that

the amended findings of fact and conclusions of law entered by the trial court do not conform to the mandate upon remittitur of Appeal No. 8813.

The facts remain unchanged, and are as recited in Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010, Appeal No. 8813.

For convenient reference we set forth the basic law involved in this proceeding, and shall review the findings and conclusions of the trial court and the holdings of this Court, in the light of appellants' assignments of error.

I.C. § 54–901, as amended, reads:

"54–901. Definition—Practice of dentistry.—The practice of dentistry is the doing by one person, for a direct or indirect consideration, of one or more of the following with respect to the teeth, gums, alveolar process, jaws, or adjacent tissues of another person, namely:

"Examining for diagnosis, treatment, extraction, repair, replacement, substitution, or correction;

"Diagnosing of disease, pain, injury, deficiency, deformity or physical condition;

"Treating, operating, prescribing, extracting, repairing, taking impressions, fitting, replacing, substituting, or correcting;

"Cleaning, polishing, or removing stains or concretions, or applying topical medication;

"Administering anaesthetics or medicaments in connection with any of the foregoing.

"*The doing of any of the foregoing acts with respect to dental prosthetic appliances which requires or necessitates the presence, aid, assistance or cooperation of the person intended to be the user or wearer of such dental prosthetic appliance is hereby specifically defined as practicing dentistry and is not mere mechanical work upon inert matter in a dental laboratory as the term is used hereafter in this act.*" (Emphasis supplied.)

The emphasized portion of the foregoing section of the statute was added by S.L. 1957, ch. 81, § 1.

In the original appeal, Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010, Appeal No. 8813, this Court pointed out that the trial court held, on the authority of Berry v. Summers, 76 Idaho 446, 283 P.2d 1093:

"* * * that appellants had the right to; (1) reline denture plates; (2) repair broken denture plates; (3) replace artificial teeth in denture plates; (4) duplicate denture plates; (5) make transfers of false or artificial teeth, strictly within the methods outlined by appellants by their complaint, and that

S.L.1957, ch. 81, was void and unenforceable against them, insofar as it prohibited their performing such services as outlined, and particularly from doing 'relines'. The decree [of the trial court] enjoined the appellants generally from examining into the mouth of the wearer of a prosthetic appliance, for purpose of diagnosis, treatment, repair or replacement, substitution or correction; from diagnosing or prescribing; from taking impressions; from fitting, adjusting or correcting dentures in the wearer's mouth; and from making new teeth using impression trays, or using wearer's old teeth for the tray in taking such impressions. Appellants were further enjoined from advertising their willingness or ability to do any of the matters thus enjoined."

On appeal No. 8813, this Court held that the redefinition of the practice of dentistry, to include the doing of certain acts with respect to dental prosthetic appliances, which require the presence, aid, assistance, or cooperation of the person intended to be the user or wearer, was within "the power and authority of the legislature to adopt, and reasonably tends to secure to the public further protection from diagnosis, prescription or treatment by unqualified practitioners," and hence was not violative of the Federal Constitution, Amendment XIV, and Idaho Const. Art. 1, § 13, as depriving appellants of a valuable property right without due process of law. Upon remittitur the trial court, as directed, found in favor of the constitutionality of I.C. § 54–901, as amended, S.L.1957, ch. 81.

Appellants' assignments, which we deem cogent, relate to their objections to certain findings and conclusions, and to portions of the judgment, of the district court.

Appellants object to the portion of Amended Finding of Fact No. IV, reading:

"In the performance of their services which comprise repairing, relining and making new dentures, it is not required or necessary that these technicians ever see the wearer of the dentures nor is the wearer's aid, assistance or cooperation necessary."

Appellants object to portions of Amended Finding of Fact No. VII, reading:

"When a customer comes into one of the plaintiffs' laboratories he ordinarily does not ask for a specific service but complains of some difficulty with his dental device, * * *. Plaintiffs, or their employees, examine the customer orally [verbally] as to his complaint, learn the history of the appliance, examine the appliance itself, examine the appliance in the customer's mouth and thereupon diagnose the difficulties of the customer with regard to his dental device and advise and prescribe for the customer.

" * * * the technician * * * directs and supervises the wearer in every step of the impression procedure which is absolutely necessary in the relining process. That in dealing directly with the public it is necessary and required that the wearer of the teeth be present and aid, assist and cooperate.

" * * * That as in the case of the relining process, the impression taken for the purpose of making new teeth cannot be undertaken or accomplished by plaintiffs without the presence of the wearer of the teeth or without his aid, assistance or cooperation."

Appellants object to all of Amended Finding of Fact No. VIII and Conclusions of Law Nos. V and VI "in that the activities which respondents claim require the aid, assistance or cooperation of the wearer, are not in many instances services 'to be performed on the appliance' itself and which require the presence, aid or assistance of the wearer." As an example, appellants object to the portion of Finding of Fact No. VII intended to prohibit them from using carbon paper or indicator paste to check the occlusion of the denture with opposing teeth, as well as obtaining the wearer's observation or opinion as to feel and fit, and in making adjustment on the denture until it fits properly.

Appellants object to a portion of Finding of Fact No. IX reading:

"That in taking impressions for relining dentures or making new dentures, or in directing the wearer in the manner of taking such impressions, and in examining or fitting and adjusting within the mouth new, relined or repaired dentures, the dental technician impliedly holds out to the public that he possesses such scientific knowledge and medical training * * *."

Appellants object to Amended Conclusion of Law No. IV, reading:

"That the 1957 amendment to Section 54–901, Idaho Code, being H.B. 31, Chapter 81, Session Laws of 1957, neither enlarges or restricts the field of practice of the dental technician or mechanic as it has existed under prior law. That at no time since the inception of the Dental Practice Act in the State of Idaho have dental technicians or mechanics been permitted to work upon, examine, diagnose or prescribe with relation to living tissue of the patient, such activities all being clinical as opposed to mechanical work and the present amendment, while recognizing the field of activities of the dental technician or mechanic in performing purely mechanical work upon prosthetic appliances, does no more than limit, as

did the prior law, such services to mere mechanical work and proscribes only the doing of that work or the performance of those services which require the presence, aid, assistance or co-operation of the wearer or user of the prosthetic appliance. That when the presence, aid, assistance or cooperation of the user or wearer of such prosthetic appliance is required or necessitated then the service of the technician necessarily goes beyond mere mechanical work upon inert matter and involves the performance of clinical work relating to living tissue of the wearer, which work or service the law requires may be performed only by a licensed and qualified dental practitioner."

Appellants object to Paragraph 2 of the Judgment, entered upon remittitur, which reads:

"That plaintiffs, their agents and employees, are permanently enjoined and restrained from performing any acts or services in connection with dental prosthetic appliances which require or necessitate the presence, aid, assistance or cooperation of the wearer or user of such appliances and in particular, plaintiffs, their agents and employees are permanently restrained and enjoined from examining the mouth of the wearer of prosthetic appliances or examining such appliances in the wearer's mouth for the purpose of diagnosis, treatment, repair, replacement or correction; from taking impressions of the mouth or within the mouth for the purpose of relining dentures or making new dentures or molds for new dentures, whether such impressions be taken or made by plaintiffs, their agents or employees themselves, or by the wearer of the teeth under the supervision or direction of the plaintiffs, their agents or employees; from fitting, adjusting or correcting a prosthetic appliance in the wearer's mouth or diagnosing the necessity for such corrections with the assistance of carbon paper, indicator paste or visual observation of the appliance in the mouth of the wearer."

Appellants contend that such paragraph of the Judgment should be replaced by a paragraph to read:

"Dental mechanics or technicians are not prohibited by this amendment from pursuing their occupation, provided the services to be performed on the appliance do not require or necessitate the presence, aid, assistance or cooperation of the wearer in the performance of such service."

Generally, in their Assignment of Error No. IX, appellants contend that the district court should find, conclude and adjudge in

such a way that the rights of appellants are protected in accordance with this Court's statements and conclusions in Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010.

In Berry v. Koehler, supra, this Court pointed out, while the Dental Practice Act, by I.C. § 54–930, permitted the performance, by one not a licensed dentist, of mere mechanical work upon inert matter in a dental laboratory, that I.C. § 54–901, as amended, S.L.1957, ch. 81, limited such activities, as regards dental prosthetic devices, to those services which "do not require the presence, aid, assistance or cooperation of the user." The Court in such decision further stated:

" * * * The object of such legislation is to prohibit one not specifically trained in the field of dentistry from in any way diagnosing or treating in the dental field, and to limit this field to those who, by reason of the extensive training required for licensing, the legislature has deemed qualified under the standards established.

" * * * By the amendment, the legislature has raised a wall to prevent any possibility or tendency on the part of dental technicians to prescribe for the user of prosthetic appliances, or to diagnose or treat in a field for which they have not been trained. The amendment further tends to avoid the possibility of an assumption by such

user that he is getting anything more done for him than purely mechanical work on the appliance. In other words, the user would not likely assume that he was receiving diagnosis, prescription or treatment by one capable in those fields.

"Also, the amendment is designed to prohibit technicians from obtaining the aid, assistance or cooperation of the user of a prosthetic appliance in performance of mechanical work upon it, thereby to lull the user, into the false sense of security as to his dental health that reasonably could obtain if he actively participated with the technician under circumstances tending to approximate a doctor-patient situation."

Continuing, this Court pointed out that the holding in Berry v. Koehler, supra, Appeal No. 8813, was coextensive with and included within the holding of Berry v. Summers, 76 Idaho 446, 283 P.2d 1093, in the following language:

"Here, the dental mechanics or technicians are not prohibited by this amendment from pursuing their occupation, provided that the services to be performed on the appliance do not require or necessitate the presence, aid, assistance or cooperation of the wearer in the performing of such service. They may reline denture plates, repair broken denture plates, replace artificial

teeth in denture plates, duplicate denture plates, and make transfers of false or artificial teeth, or any other of the mechanical services that they may desire to do, provided they do not violate the provisions of the instant act [I.C. § 54–901, as amended by the 1957 amendment], which activities are co-extensive with, and included within the purview of our holding, in Berry v. Summers, supra."

Appellants in Berry v. Koehler, supra, Appeal No. 8813, on rehearing, sought in effect a declaratory judgment definitive of the activities permitted by I.C. § 54–901, as amended. Again, this Court pointed out that while the 1957 amendment limited the services of the dental technician or mechanic to work on prosthetic appliances "which does not require the presence, aid, assistance or cooperation of the user," it did not prohibit the normal business transactions with a customer. Speaking further of the meaning of prohibition of the 1957 amendment, this Court said:

"  *   *   * Such addition to the definition of what constitutes the practice of dentistry pertains to the presence, aid, assistance or cooperation of the user while performing the service on the prosthetic device itself. It cannot be said that it would prohibit the technician from conducting the normal business transactions with his customer

or user of the appliance, or from prohibiting the technician from having the user try the device after the technician has serviced it and again having further services performed on it. *It is the examining within the mouth, fitting within the mouth, or taking the impression within the mouth of the user that is proscribed by the 1957 Act.* (Emphasis supplied.)

\*     \*     \*     \*     \*     \*

"The present enactment cannot be said to enlarge the field of practice of the dental technician or mechanic, and at no time have they been permitted to work upon, examine, diagnose, or prescribe, on living tissue of the patient."

█    The definition of the practice of dentistry places a fence around the technician; it precludes him from examining, or performing services upon the prosthetic appliance for purposes of diagnosis (which includes the fitting of the appliance), or treatment in any respect. He can do the mechanical work upon the appliance, but the results of his work, such as for example, whether the appliance fits, must not require his examination for diagnosis, his diagnosing, or his treatment. The decision as to whether the appliance is satisfactory to the wearer, for whatever reason the wearer desires the service, must strictly be that of the wearer himself.

This Court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory. Heck v. Heck, 63 Cal.App.2d 470, 147 P.2d 110; Campbell v. Bauer, 104 Cal.App.2d 740, 232 P.2d 590; Formosa Corp. v. Rogers, 108 Cal.App.2d 397, 239 P.2d 88; School District No. 2 in Fremont County v. Brenton, (Colo.), 137 Colo. 247, 323 P.2d 899; Telfer v. School Dist. No. 31 of Blaine County, 50 Idaho 274, 295 P. 632; Clark v. Clark, 58 Idaho 37, 69 P.2d 980; Occidental Life Ins. Co. v. Thomas, (C.C. 9th), 107 F.2d 876; 5 C.J.S. Appeal and Error § 1464(1).

It is in the areas of examination for diagnosis, diagnosing, and treatment that the findings and judgment of the trial court prohibit the performance of services by appellants, because I.C. § 54–901, as amended, prohibits appellants' performance thereof. The trial court's Amended Findings of Fact in Appeal No. 9196 are in accord. Such aspect of the findings include the specific instances to which appellants strenuously object, i. e., as an example, the prohibition of the use of carbon paper and indicator paste in their work. Such prohibition, however, extends to the use of such indicators as concerns aspects of examination for diagnosis, diagnosing, or treatment *by the technician.*

We therefore affirm the amended findings of fact, the amended conclusions of law and the judgment entered upon the prior remittitur in the matter of Appeal No. 8813.

Costs to respondents.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.