491 P.2d 1258

**BOARD OF DENTISTRY, State of Idaho, Plaintiff-Respondent,**

v.

**Lee BARNES, dba O.K. Dental Laboratory, Defendant-Appellant.**

**No. 10775.**

Supreme Court of Idaho.

Dec. 27, 1971.

Robert L. Smith, Nampa, for defendant-appellant.

W. Anthony Park, Atty. Gen., Stewart A. Morris, Asst. Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

I.C. § 54–901 defines the practice of dentistry and the provisions thereof relate to the work of dental technicians. In this appeal the court is again asked to examine the constitutionality of I.C. § 54–901 as it relates to the work of a dental technician and the applicability of that statute to the acts of the defendant-appellant which were enjoined by the trial court herein.

In 1955 this court in Berry v. Summers, 76 Idaho 446, 283 P.2d 1093, held the then existing version of I.C. § 54–901 to be unconstitutional in part. Thereafter the Legislature amended and revised I.C. & 54–901 to its present form, and in Berry v. Koehler, 84 Idaho 170, 369 P.2d 1010 (1961) the Court held I.C. § 54–901 to be constitutional. In the second Berry v. Koehler case 86 Idaho 225, 384 P.2d 484 (1963) the constitutionality of I.C. § 54–901 in its present form was reaffirmed. The court herein has re-examined its reasoning and opinions in the *Berry* line of cases and finds that the opinions therein adequately outline the foundation upon which the statute rests and repetition of that reasoning would serve no purpose herein. It is sufficient to say that the policy reasons for the enactment of I.C. § 54–901 are not within constitutionally prohibited limitations and are adequately founded on reasons of public health and welfare. If the legislature accepts the proposal of defendant-appellant to the effect that the relining of dentures which requires the presence, aid, assistance and cooperation of the wearer thereof is harmless and should be allowed, then and in that event the legislature may modify or change the statute to permit such actions by persons such as defendant-appellant herein. This Court, however, should not and will not so amend, modify or vary the statute.

We turn then to the question of whether the trial court's action in enjoining the defendant-appellant finds support in the record. I.C. § 54–901 states in pertinent part:

"Definition—Practice of dentistry.—The practice of dentistry is the doing by one person, for a direct or indirect consideration, of one or more of the following with respect to the teeth, gums, alveolar process, jaws, or adjacent tissues of another person, namely:

\*　\*　\*　\*　\*　\*

"Treating, operating, prescribing, extracting, repairing, taking impressions, fitting, replacing, substituting, or correcting;

\*　\*　\*　\*　\*　\*

"The doing of any of the foregoing acts with respect to dental prosthetic appliances which requires or necessitates the presence, aid, assistance or cooperation of the person intended to be the user or wearer of such dental prosthetic appliance is hereby specifically defined as practicing dentistry and is not mere mechanical work upon inert matter in a dental laboratory as the term is used hereafter in this act."

I.C. § 54–930, provides in pertinent part:

"Exceptions to application of act.—This act shall not be construed as prohibiting \* \* \* any person from performing merely mechanical work upon inert matter in a dental laboratory \* \* \*."

I.C. § 54–933 authorizes and provides the procedure for bringing an action in equity to enjoin violations of statutes dealing with the practice of dentistry.

In the instant case, at the direction of the State Board of Dentistry, one Mrs. Priest, together with a companion, went to defendant-appellant's place of business in Twin Falls, Idaho. She had with her a set of broken denture plates. It is clear from the record that defendant-appellant Barnes performed the following acts:

1. Took out and replaced at various times the dentures in the mouth of Mrs. Priest;

2. Massaged Mrs. Priest's face, cheeks and lips;

3. Felt and ran his fingers along and on the face, lips, and gums of Mrs. Priest;

4. Told Mrs. Priest that she would be happier with new dentures than with repair of the old dentures;

5. Placed a tray containing various substances in Mrs. Priest's mouth and pressed against the roof of her mouth and then removed it.

The record also clearly establishes that an employee of Barnes:

1. Performed massaging on Mrs. Priest;

2. Placed his fingers in the mouth of and ran his fingertips along the gums of a customer in the Dental Lab to check for sores;

3. After the new dentures were placed in Mrs. Priest's mouth, ran his finger across the front lip of Mrs. Priest and told her she had a good fit.

All of the above events occurred during August of 1968 in several different appointments. After the first appointment on August 14, 1968, Barnes gave an appointment card to Mrs. Priest which carried the initials "D.D.S." after his signature.

■ Following hearing, the trial court permanently enjoined defendant-appellant from directly or indirectly:

"1. Examining the mouth of a wearer of dental prosthetic appliances in the wearer's mouth for purpose of diagnosis;

"2. Securing an impression of any type from the mouth of a wearer of dental prosthetic appliances, whether this is done by the Defendant [Appellant] or indirectly at the Defendant's suggestion, direction, or supervision.

"3. Making new or duplicate dental prosthetic appliances if the making of the same requires or necessitates the presence, aid, assistance, or cooperation of the wearer of the dental prosthetic appliances.

"4. Examining in the mouth, fitting, or adjusting the dentures in the mouth or taking impressions of any type in the mouth for relining or making new or duplicate dentures whether the same be done by Defendant or by the wearer at the Defendant's suggestion, supervision or direction."

It is clear that the statute prohibits the acts enjoined by the trial court herein. It is also abundantly clear that defendant-appellant had been performing the acts enjoined by the trial court herein. Defendant-appellant relies on certain language from the third *Berry* case which allows the "relining" of denture plates. That allowance, however, was conditioned upon the prohibitions of I.C. § 54–901 against the aid, assistance, cooperation or even presence of the wearer of the denture plates. As stated in the *Berry* cases the performance of mechanical work upon inert substances as permitted in I.C. § 54–930 is not prohibitive of relining dentures as can be done without requiring or necessitating the presence, aid, assistance, or cooperation of the denture wearer.

The language of the statute and of the *Berry* cases is unequivocal. Persons not qualified under the statutes are not to perform the acts performed by the defendant-appellant herein. Such acts were and are manifestly within the rubric of the pertinent statutory prescriptions defining the practice of dentistry and the trial court was correct in the issuance of its permanent injunction.

The order of the trial court is affirmed. Costs to the Respondent.

McFADDEN and DONALDSON, JJ., and MAYNARD and HAGAN, District Judges, concur.