550 P.2d 134

**The IDAHO ASSOCIATION OF PUBLIC DENTAL TECHNICIANS, INC., an Idaho Corporation, et al., Plaintiffs-Appellants,**

v.

**IDAHO BOARD OF DENTAL EXAMINERS et al., Defendants-Respondents.**

No. 11842.

Supreme Court of Idaho.

May 17, 1976.

Reed J. Bowen, Idaho Falls, for plaintiffs-appellants.

Stewart A. Morris of King, Wiebe & Morris, Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order, upon motion therefore, dismissing Count II of plaintiffs-appellants' complaint. That count of the complaint and this appeal involves the constitutionality of Chapter 9, Title 54 of the Idaho Code, referred to as the Idaho Dental Practices Act. We affirm.

This appeal is yet another chapter in the continuing legal controversy of more than 20 years between dental technicians and the Board of Dental Examiners. Plaintiffs-appellants are dental technicians (denturists) engaged in repairing and replacing dental prosthetic devices. Defendants-respondents are the state of Idaho and the executive secretary and members of the Board of Dentistry. The Board is charged with regulating the practice, licensing and instruction of dentistry and dental hygiene in Idaho. Only the dismissal of Count II of plaintiffs-appellants' complaint is before this Court and Count I which alleges a claim in libel and slander is not considered herein.

The essence of this appeal is appellants' assertion that the district court erred in declaring the Dental Practices Act to be constitutional. Appellants' assignments of error may be summarized as: 1) deprivation of property without due process of law; 2) equal protection; 3) vagueness and overbreadth; and 4) procedural rights afforded persons charged with contempt of court.

Appellants argue that the Act denies a fundamental liberty, the practice of "denturism," without having a substantial or reasonable relationship to the effectuation of a legitimate police power and has the effect of prohibiting an entire vocation which is not inherently harmful or dangerous to the public welfare. All of such contentions have been addressed and decided contrary to the position of appellants in previous opinions of this Court. *Berry v. Koehler,* 84 Idaho 170, 369 P.2d 1010 (1961); *Berry v. Koehler,* 86 Idaho 225, 384 P.2d 484 (1963); *Board of Dentistry v. Barnes,* 94 Idaho 486, 491 P.2d 1258 (1971). We decline the suggestions of appellants that those cases be overruled°and similarly reject appellants' assertions that the personnel herein and relief sought herein distinguish this from those previous cases.

Appellants also argue the Act is a denial of equal protection in that it is discriminatory in its classification and application and creates a monopoly in dentists for work on dental prosthetic appliances. The Act does discriminate insofar as it excludes dental technicians from working on dental prosthetic appliances when such work requires the "presence, aid, assistance or cooperation" of the wearer. I.C. § 54-901. Such discrimination is not invalid in a constitutional framework unless it is unreasonable or rests upon grounds wholly irrelevant to the achievement of some legitimate public purpose. *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); *Caesar v. Williams,* 84 Idaho 254, 371 P.2d 241 (1962); *Rowe v. Pocatello,* 70 Idaho 343, 218 P.2d 695 (1950). Here there is no showing that a reasonable basis for such regulation does not exist, that the distinctions created by the Act are invidious or that the health and welfare of the citizens of this state do not call for this legislation. *State v. O'Bryan,* 96 Idaho 548, 531 P.2d 1193 (1975).

The only novel issues raised here and not addressed in our previous opinions are those of vagueness and overbreadth. Although appellants allege they are in the vocation of dental repairing and replacing, we are not informed of what acts and services they desire to perform which are po-

tentially threatened by the language of the statute. We infer that the language found to be damaging to appellants is that which encompasses as "dentistry" certain work on "dental prosthetic appliances which requires or necessitates the presence, aid, assistance or cooperation of the person intended to be the user or wearer." I.C. § 54–901. Nevertheless, we note that our previous opinions indicate the general nature of activity engaged in by dental technicians or denturists. In the consideration of a vagueness assertion reference should be made to any authoritative judicial construction of the statute. *State v. Carringer,* 95 Idaho 929, 523 P.2d 532 (1974); *Winters v. People of State of New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948). This Court in the three *Berry cases* and *Board of Dentistry v. Barnes, supra,* has construed the language in question here with considerable precision. Those opinions provide adequate and complete guidance as to conduct permitted and proscribed by I.C. § 54–901.

Appellants also argue that under the subject act they may be fined and imprisoned without benefit of jury trial, notice of charges, opportunity to present defenses and without right of appeal, all in violation of due process. I.C. § 54–905 provides criminal penalties for the unlawful practice of dentistry. Rather than utilizing such criminal sanctions, the Board is said to be circumventing the criminal procedure ·and subjecting appellants to the same sanctions by other means. It is argued that the Board sends investigators into appellants' businesses to entrap them into the commission of violations of I.C. § 54–901. On the basis of those violations, the Board secures civil injunctions. Thereafter, it is alleged other investigators are sent to the offices of the enjoined technicians to solicit repairs, thereby causing the injunction to be breached. Utilizing evidence of those subsequent acts, contempt petitions are filed resulting in court sanctions. Appellants argue that such practices are an abuse of the Board's authority and that the contempt proceedings resulting therefrom are

criminal in nature at which defendants should be afforded the constitutional protections required in a criminal prosecution.

I.C. § 54–912 clearly authorizes the Board of Dentistry to initiate and conduct investigations on all matters relating to the practice of dentistry. It is likewise clear I.C. §§ 54–905 and 54–933 authorize the issuance of injunctions restraining conduct prohibited by the Idaho Dental Practices Act. The cases of *Board of Dentistry v. Barnes, supra,* and *State v. Palmlund,* 95 Idaho 150, 504 P.2d 1199 (1972), were appeals from the issuance of injunctions by district courts against dental technicians in circumstances substantially similar to those argued in the abstract by appellant herein. Both *Barnes* and *Palmlund* are recent holdings of this Court squarely in opposition to the assertions of appellants here regarding the abuse of authority by the Board and the lack of authority in a district court to use the injunctive process to prohibit conduct proscribed in the Idaho Dental Practices Act. None of the parties to this action are alleged to be involved in or threatened by a contempt prosecution, but rather argue this matter in the abstract. This Court will not consider such questions in the abstract. As stated in *State v. Palmlund, supra,* at 153, 504 P.2d at 1202:

"* * * an *en masse* application of criminal rules, both substantive and procedural, to contempt proceedings is unwarranted."

The orders of the district court which are the subject matter of this appeal are hereby affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON, J., concur.

BAKES, Justice (dissenting).

The appeal should be dismissed.

The trial court, in ordering the dismissal of Count II of the plaintiff-appellants' complaint did not indicate that it was directing the entry of a final judgment under Rule 54(b) upon less than all of the claims and that ". . . there is no just reason for

delay . . ." in the entry of final judgment. Therefore, the order of dismissal of Count II of the complaint is not an appealable order. *Southland Produce Company v. Belson,* 96 Idaho 776, 536 P.2d 1126 (1975).

THOMAS, District Judge, concurs.