Lorraine **BURRESON** and Judith Cole, Plaintiffs–Appellants,

v.

**BOULDER VALLEY SCHOOL DISTRICT RE–2J** and the Boulder Valley Area Vocational School, Defendants–Appellees.

No. 86CA1850.

Colorado Court of Appeals, Div. III.

Oct. 27, 1988.

William P. Bethke (on the briefs), Denver, Martha R. Houser, Steven L. Murray, Gregory J. Lawler, Aurora, for plaintiffs-appellants.

Caplan and Earnest, Alexander Halpern, Gerald A. Caplan, Boulder, for defendants-appellees.

KELLY, Chief Judge.

In this wrongful termination case, the plaintiffs, Lorraine Burreson and Judith Cole, appeal the summary judgment entered in favor of the defendants, Boulder Valley School District RE-2J (the District) and Boulder Valley Area Vocational School (Boulder Valley). They contend that the trial court erred in ruling that, because area vocational schools are not "institutions of higher education," the plaintiffs could not claim the protection of the Higher Education Due Process Act, § 23-10-101, et seq., C.R.S. (1987 Cum. Supp.) (the Act). We reverse.

The facts are undisputed. The plaintiffs were employed by the District to teach courses in health-related occupations at Boulder Valley. They are not certified teachers, but hold "vocational credentials" from the State Board for Community Colleges and Occupational Education. Burreson had taught at Boulder Valley for eight years and Cole for five when, in May 1986, they were notified that their teaching contracts would be cancelled at the end of the school year because of program changes and declining enrollments.

The plaintiffs then sued the District and Boulder Valley claiming their terminations violated the notice provisions of, and therefore their rights under, the Act. The trial court ruled in favor of the defendants, holding that the plaintiffs were not covered by the Act because Boulder Valley is "an institution concerned with occupational education[,] which is different from ... a post-secondary institution of higher education, and therefore doesn't come within 23-10-102(3) [C.R.S. (1987 Cum.Supp.) ]." The plaintiffs claim this was error. We agree.

The Higher Education Due Process Act has now been repealed, effective May 1, 1988. Section 23-10-301, C.R.S. (1987 Cum.Supp.); *but see* § 23-5-117, C.R.S. (1987 Cum.Supp.) (governing boards of state-supported institutions of higher education must adopt policies and practices which afford termination due process to faculty members exempt from state personnel system). While it was in effect, however, the Act governed "all cases involving the termination of employment of faculty members at educational institutions subject to this article." Section 23-10-103, C.R.S. (1987 Cum.Supp.).

The issue here is whether Boulder Valley and other area vocational schools come within the definition of "educational institution" so as to be subject to the Act:

> " 'Educational institution' means any postsecondary institution of higher education operated by the state or by a public local district for purposes of providing academic, technical, or vocational training, including, but not limited to, colleges, universities, junior colleges, community colleges, and vocational and technical colleges. The term does not include the university of Colorado, Colorado state university, the university of northern Colorado, or the Colorado school of mines."

Section 23-10-102(3), C.R.S. (1987 Cum. Supp.).

The defendants' argument—apparently premised on the inegalitarian notion that

"vocational education" and "higher education" are mutually exclusive concepts—is that because § 23–10–102(3) refers expressly to degree-granting institutions only it implicitly excludes institutions which do not grant degrees, *i.e.*, area vocational schools. This reading of the statute ignores, however, the fact that Boulder Valley falls within the scope of the language used in § 23–10–102(3) in that it is operated by "a public local district for purposes of providing ... vocational training," and that "educational institution" means "*any* postsecondary institution of higher education ... *including, but not limited to*, colleges, universities," and the like. (emphasis added)

Section 23–10–102(3) expressly excludes three universities and a "school" from the definition of "educational institution." Had it intended to do so, the General Assembly could also have expressly excluded the seven statutorily designated area vocational schools. *See* § 23–60–103(1), C.R.S. (1987 Cum.Supp.). Moreover, several other statutes dealing with or defining "institutions of higher education" expressly include area vocational schools within their purview. *See* Colo. Sess.Laws 1988, ch. 145, § 22–35–103 at 769–70; §§ 23–1–102(2) and 23–5–111.4(3) (1987 Cum.Supp.). Nowhere are area vocational schools expressly excluded from such statutes.

Placed as it was within Title 23, C.R.S., the Act was part of a comprehensive legislative program, "Higher Education and Vocational Training." Thus, we must consider the relationship of the Act to other legislative provisions concerning the same subject matter. *Colorado General Assembly v. Lamm*, 700 P.2d 508 (Colo.1985).

As with the Act, the General Assembly placed the designation and governing authority of area vocational schools in Title 23, rather than Title 22, "Education." Under Title 23, area vocational schools, unlike elementary and secondary schools, are subject to the authority of the Colorado Commission on Higher Education, as well as the State Board for Community Colleges and Occupational Education. *See* §§ 23–1–102(2) and 23–60–102, C.R.S. (1987 Cum.

Supp.). It follows that, like other Title 23 educational institutions, area vocational schools were subject to the Act while it was in effect.

Finally, had the plaintiffs been regularly certified, they would have been tenured and covered by the "Teacher Employment, Dismissal, and Tenure Act." Section 22–63–101, et seq., C.R.S. However, they were not so certified, tenured, or covered. *See School District No. 2 v. Brenton*, 137 Colo. 247, 323 P.2d 899 (1958); *Milan v. Aims Junior College District*, 623 P.2d 65 (Colo.App.1980); § 22–63–112(1), C.R.S. (1987 Cum.Supp.). Thus, without the protection of the Due Process Act, these teachers, and others like them, would be the only teachers in the state system of elementary, secondary, and post-secondary education (Titles 22 and 23, C.R.S.) to whom concepts of tenure and termination due process do not apply. This is contrary to what we perceive to be the intent of the General Assembly to provide fair and orderly procedures for the termination of employment of faculty members at all publicly-controlled educational institutions. *See* § 22–63–101, et seq., C.R.S.; §§ 23–5–117 and 23–10–101, C.R.S. (1987 Cum.Supp.).

Accordingly, we conclude that the Boulder Valley Area Vocational School is an educational institution within the meaning of § 23–10–102(3), C.R.S. (1987 Cum.Supp.). *See also* Colo. Sess.Laws 1988, ch. 145, § 22–35–103 at 769–70; §§ 23–1–102(2) and 23–5–111.4(3) (1987 Cum.Supp.).

The judgment is reversed, and the cause is remanded with directions to reinstate plaintiffs' complaint and for trial on the merits.

STERNBERG and TURSI, JJ., concur.